MORGAN et al. v. MUTUAL BENEFIT LIFE INS. CO. et al.

(Supreme Court, Appellate Division, Fourth Department.  May 5, 1909.)

INSURANCE (§ 590*)—RIGHTS TO PROCEEDS—CHARGE FOR PAYMENT OF PREMIUMS.

    Where a third person, at the request of insured and the beneficiary, pays the premiums on life insurance, such payments are chargeable on the policy and the proceeds thereof.

    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1482; Dec. Dig. § 590.*]

Appeal from Special Term, Erie County.

Action by Susan M. Morgan and others, as trustees, against the Mutual Benefit Life Insurance Company and others. From a judgment for plaintiffs, defendant insurance company appeals. Affirmed.

The controversy is over insurance moneys due upon a policy of insurance issued by the defendant insurance company upon the life of Orson A. Morgan for $5,000, payable to Elizabeth A. Morgan, his wife. In case, however, he should survive her, the insurance is payable to his children. The policy is dated March 26, 1866, and on the 23d day of March, 1871, Elizabeth A. Morgan requested Dayton S. Morgan (plaintiffs' testator) to advance the premium becoming due on that day, and at the same time, with the consent of her husband, she executed and delivered to Dayton S. Morgan an assignment of the policy of insurance as security therefor, and for all sums of money which he might thereafter pay for costs, trouble, or expense in and about the renewal or payment of premiums on said policy. Thereupon Dayton S. Morgan paid all the premiums thereafter as long as he lived, and the trustees under. his will (plaintiffs herein) continued to pay the premiums down to the death of the insured, the amount of which exceeds the amount due upon the policy. The wife, Elizabeth A. Morgan, died before the insured, Orson A. Morgan, and the plaintiffs, the surviving trustees under the will of Dayton S. Morgan, and the children of Orson A. Morgan, both claim the insurance moneys. The insurance company is willing to pay the insurance moneys to the plaintiffs, provided it can do so without being compelled to pay the same amount to the other claimants. The other claimants are made parties defendant. The summons was served upon them by publication, and not personally. None of them has appeared but some have brought an action upon the policy in the superior court of the city and county of San Francisco in the state of California against the defendant insurance company. The plaintiffs, however, are not made parties to that action, and all proceedings were stayed in that action by the California court until the rendering of a judgment in this action, or until the plaintiffs be made parties defendant. The plaintiffs recovered judgment, and the defendant insurance company appeals.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Louis L. Babcock, for appellant.
Joseph H. Morey, for respondents.

KRUSE, J. The defendant insurance company again challenges the validity of the order directing the service of the summons by publication upon the nonresident defendants; but that question was settled adversely to it upon the appeal from the order denying the motion to vacate the same (Morgan et al. v. Mutual Benefit Life Ins. Co., 119 App. Div. 645, 104 N. Y. Supp. 185), which was affirmed in the Court of Appeals (Morgan v. Mutual Benefit Life Ins. Co., 189 N. Y. 447, 82 N. E. 438).

The plaintiffs contend that the defendant is likewise concluded upon the merits by that decision, since the effect of upholding the order of publication is that the complaint upon which the order is founded states a good cause of action. While that does not necessarily follow, since all of the facts were not before the court as they were made to appear upon the trial, we think, under the authorities cited in the opinion of the Court of Appeals, the plaintiffs are clearly entitled to recover. The rule laid down in Pomeroy's Equity Jurisprudence (volume 3, § 1243), and cited in the opinion, is as follows:

"Where a person, not being the owner of a policy of life insurance, nor bound to pay premiums, and having some claim or color of interest in it, voluntarily pays the premiums thereon, and thus keeps it alive for the benefit of a third party, he may thereby acquire an equitable interest in the proceeds of the policy as security for the repayment of his advances."

It is claimed that this rule has also been approved by the Supreme Court of the State of California. Stockwell v. Mutual Life Ins. Co., 140 Cal. 198, 73 Pac. 833, 98 Am. St. Rep. 25. See, also, Connecticut Mutual Life Ins. Co. v. Burroughs, 34 Conn. 305, 91 Am. Dec. 725.

It is not claimed that the assignment by Elizabeth A. Morgan, the wife, to the plaintiffs' assignor, was effective as against the children of the assured; but plaintiffs contend that the premiums, which were paid by the assignee and the trustees of his will, are chargeable upon the policy and the proceeds thereof, and we think the plaintiffs are right in that regard.

The judgment should therefore be affirmed, with costs. All concur.