(162 App. Div. 154)

## DI NISCIA v. OLSEY.

(Supreme Court, Appellate Division, Second Department.   April 24, 1914.)

LIENS (§ 7*)—EQUITABLE LIENS.

    Plaintiff and defendant agreed that plaintiff would improve defendant's premises, with the understanding that they would then marry, and that defendant would then convey a half interest in the premises to plaintiff for use as their home; and plaintiff made such improvements and advanced money to pay interest on an incumbrance on defendant's property, but thereafter defendant so conducted herself to make marriage impossible, and refused to convey any part of the premises to plaintiff.  *Held* that, in absence of clear proof that the parties intended that the premises should be held or transferred as security for the contract, a trust could not be impressed on the premises, in order to sell them to satisfy plaintiff's claim.

    [Ed. Note.—For other cases, see Liens, Cent. Dig. §§ 26–28;  Dec. Dig. § 7.*]

Appeal from Special Term, Westchester County.

Action by William Di Niscia against Alexandrine Olsey.  From a judgment for plaintiff, defendant appeals.  Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Michael J. Tierney, of New Rochelle, for appellant.

Humphrey J. Lynch, of White Plains, for respondent.

JENKS, P. J.  The Special Term found that the plaintiff and defendant agreed that plaintiff would improve the premises of the defendant with the understanding that the parties would then intermarry, and at that time the defendant would convey a one-half interest therein to the plaintiff for use as their home; that the plaintiff made such improvements and expended incidental moneys, and advanced moneys to meet interest charges on an incumbrance; but that thereafter the defendant so conducted herself as to render it impossible for the parties to intermarry, excluded the plaintiff from the premises, and failed to convey any part of them to the plaintiff.  Thereupon, and upon such findings only, the court impressed a trust on the premises and directed a sale thereof in satisfaction of the plaintiff's claim.

The respondent would maintain this judgment on the theory of equitable lien.  The difficulty in the way of affirmance is that proof of a breach of the contract only does not warrant this decree of the equity court.  There should also appear proof that clearly established the intention that the premises would "be held, given, or transferred as security for the obligation" of the contract.  Pomeroy's Equity Jurisprudence (3d Ed.) § 1235;  19 Am. & Eng. Ency. of Law (2d Ed.) p. 15;  Wright v. Ellison, 1 Wall. 16, 17 L. Ed. 555.  In the cases cited by the learned counsel of the respondent there is such proof, which is lacking in the case at bar.

The judgment must be reversed, and a new trial must be granted; costs to abide the final award of costs.  All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes