In the Matter of Acquiring Title by the CITY OF NEW YORK to Certain Lands and Premises Situated in the Area Bound by East 122nd Street, 1st Avenue, East 125th Street, and Harlem River, in the Borough of Manhattan, City of New York, Duly Selected as a Site by the Triborough Bridge Authority for an Additional Approach to the Triborough Bridge, etc.

F. J. KERNER COAL Co., INC., Appellant; FORDHAM TRIANGLE REALTY COMPANY, INC., and CITY OF NEW YORK, Respondents.

First Department, June 16, 1939.

268

[redacted]

*Thomas E. Shea*, for the appellant.

*Charles Lamb* of counsel [*Talley & Lamb*, attorneys], for the respondent Fordham Triangle Realty Company, Inc.

CALLAHAN, J.   The appellant, F. J. Kerner Coal Co., Inc., was the tenant of Fordham Triangle Realty Company, Inc., with respect to a part of damage parcels 9 and 9-a.   It was also the assignee of a lease from the city of New York to Fordham Triangle Realty Company, Inc., of certain land under water adjoining the above parcels, which was known as damage parcel 10 in the condemnation proceedings.

Under its lease from the city, Fordham Triangle Realty Company, Inc., was to fill in the land under water and erect a coal plant. It agreed to release its riparian rights to the city and the lease contained a clause permitting the city to cancel same upon giving certain notice.   Prior to the commencement of the condemnation proceedings the city exercised its right to cancel the lease of damage parcel 10.

The lease from Fordham Triangle Realty Company, Inc., to F. J. Kerner Coal Co., Inc., of parts of damage parcels 9 and 9-a contained a provision that it was subject to the lease from the city of damage parcel 10.   It also contained the following provision:

" 14. Should either the entire Parcel I or Parcel II herein described be condemned for public use, then and in that event, upon the taking of the same for such public use, this lease shall cease and come to an end but in that event the tenant shall be reimbursed by the landlord (and the landlord in that event hereby covenants to reimburse the tenant) for the improvements made by the tenant in the following manner: Four (4%) per cent of the actual

cost of such improvements made by the tenant, times the number of years remaining of the years of this lease, and upon reimbursing the tenant in this manner, the awards made by the City of New York in such condemnation proceedings shall belong to the landlord."

It appears that the F. J. Kerner Coal Co., Inc., fulfilled the tenant's obligation to erect the buildings making up the coal plant on parcel 10. It also erected buildings on parcel 9-a. Special Term awarded no damage for the buildings erected on damage parcel 10, because of the cancellation of the city's lease before condemnation. It did, however, award damages for certain buildings erected on damage parcel 9-a, but directed the payment of the entire award to Fordham Triangle Realty Company, Inc.

F. J. Kerner Coal Co., Inc., claimed that, as its lease from the Fordham Triangle Realty Company, Inc., had seventeen and one-half years to run, it was entitled (under the clause above quoted) to seventy per cent of the value of the buildings it had erected on damage parcel 9-a. It made this claim in the condemnation proceeding, but Special Term ruled that F. J. Kerner Coal Co., Inc., had no right to obtain any relief in condemnation, because upon the cancellation of the city's lease of damage parcel 10 the lease to F. J. Kerner Coal Co., Inc., of damage parcel 9-a from Fordham Triangle Realty Company, Inc., fell with it.

Special Term further held that F. J. Kerner Coal Co., Inc., must assert its claim to a portion of the award in some other form of action. The appeal from that determination of Special Term has been argued and is decided herewith. The court is affirming the decision of Special Term that the rights of F. J. Kerner Coal Co., Inc., under the lease for payment of the improvements made by it must be asserted in some other action. (159 Misc. 617; affd., 257 App. Div. 940.)

The present application was made by the Fordham Triangle Realty Company, Inc., during the pendency of the appeal from the awards made in the condemnation judgment. The petition herein asks for an order directing the comptroller to pay the award to Fordham Triangle Realty Company, Inc. The comptroller had refused to pay on the ground that he had received notice from F. J. Kerner Coal Co., Inc., claiming a portion of the damages awarded for the buildings on parcel No. 9-a. We hold that the order of Special Term directing payment of the award to the landlord is erroneous.

The cancellation by the city of its lease to Fordham Triangle Realty Company, Inc., of damage parcel No. 10 did not *ipso facto* cancel that part of the lease between Fordham Triangle Realty

Company, Inc., and F. J. Kerner Coal Co., Inc., relating to reimbursing the tenant for improvements made by the tenant on damage parcel 9-a. The clause above quoted provides for the termination of the lease, to be sure, but also provides for a survival and settlement of the claim for reimbursement.

The effect of this agreement was not to grant F. J. Kerner Coal Co., Inc., an equitable lien or assignment of any part of the condemnation award. As was said in *Williams* v. *Ingersoll* (89 N. Y. 508): " Whatever the law may be elsewhere, it must be regarded as the settled law of this State that an agreement, either by parol or in writing, to pay a debt out of a designated fund does not give an equitable lien upon the fund or operate as an equitable assignment thereof." Similarly, it was decided by this court in *McAvoy* v. *Schramme* (219 App. Div. 604; affd., 245 N. Y. 575), in an opinion written by Mr. Justice, now Presiding Justice, MARTIN, that an agreement does not constitute an equitable assignment when it does not contain a direction to pay and contains no application of funds *pro tanto.*

This does not mean, however, the appellant here is without protection. The reimbursement clause of the lease provides that the award made by the city of New York in a condemnation proceeding shall not belong to the landlord until the tenant has been reimbursed in the manner provided for in the lease. It might be construed to mean that the fund be held as security for the payment of the tenant's share. The appellant is entitled in this proceeding to an order staying the comptroller from paying any of the award here to the Fordham Triangle Realty Company, Inc., until its claim for reimbursement has been satisfied. If the appellant finds it necessary to bring an action to enforce the claim for reimbursement under the lease, such action should be brought within ninety days.

The order should be reversed and the motion denied, and an order should be entered on notice in accordance with this opinion.

MARTIN, P. J., GLENNON, UNTERMYER and COHN, JJ., concur.

Order unanimously reversed and the motion denied. Settle order on notice in accordance with opinion.