HERMAN BRANDT, Plaintiff, *v.* WALTER E. GODFREY and CITY BANK FARMERS TRUST COMPANY, as Trustees under an Express Trust, Defendants.

Supreme Court, Special Term, New York County, October 14, 1939.

*Leon Kauffman,* for the plaintiff.

*Godfrey & Marx* [*Aaron H. Marx, Lloyd I. Herzka* and *Seymour Lakin* of counsel], for the defendants.

MCLAUGHLIN, J. This is an action to have an equitable lien against the proceeds of a policy of life insurance on the ground that plaintiff is entitled to such lien because he paid the premiums.

Both sides move for judgment. The only question involved is whether the plaintiff, who paid certain premiums of insurance on the life of a deceased insured, is entitled to an equitable lien for the unpaid balance of the amount he has so paid. The facts are admitted. The plaintiff claims an equitable lien and the defendant urges that he has no such lien but is a general creditor of the deceased's estate.

It would seem that under equity one who has an interest in a policy would be entitled to such a lien. (3 Pomeroy's Equity Jurisprudence, § 1239.) Such a result may be logically discerned in the case of *Morgan* v. *Mutual Benefit Life Insurance Co.* (132 App. Div. 455 [1909]). Since that time section 55-a has been added to the Insurance Law (Laws of 1927, chap. 468, § 1). That section comprehends that the beneficiary or his representatives or assignee shall be entitled to the proceeds of a policy as " against the creditors and representatives of the insured." There is no exception favoring the person who may have paid the premiums.

Nor does the plaintiff claim any such exception. The logical result of his contention is that, irrespective of this statute, equity should decree him an equitable lien for the moneys expended for the premium less what the insured personally repaid to him. That contention may not prevail. As has been observed, the statute includes all creditors. That is the law and that law must be followed in this case. Equity will not make exceptions and grant liens to certain creditors when to do so would be to flout the statute covering the rights of all creditors. That statute (Ins. Law, § 55-a) fixes the legal rights of all the creditors of the insured. Those rights must be upheld in equity. " Legal rights are as safe in chancery as they are in a court of law, and however strong an appeal may be made to the conscience of a chancellor for equitable relief, he is powerless to grant it if the one from whom it must come will be deprived of a legal right." (*Colonial Trust Co.* v. *Central Trust Co.*, 243 Penn. St. 268; 90 A. 189.) The principle is aptly stated in a United States Supreme Court case as follows: " Courts of equity can no more disregard statutory and constitutional requirements and provisions than can courts of law. They are bound by positive provisions of a statute equally with courts of law." (*Hedges* v. *Dixon County*, 150 U. S. 182, 192.)

It is argued that the plaintiff is not only a creditor but a lienor and that he is not barred from asserting such a lien by section 55-a of the Insurance Law. If he is given a lien he is thus distinguished from other creditors. He has paid premiums and that is the sole basis of his alleged lien. His claim was against the insured and not against the beneficiary. Both the spirit and the letter of the statute bars any such claim and equity will not discard the statute but will enforce it as it is written. Plaintiff's motion for judgment on the pleadings is denied. Defendants' motion for judgment on the pleadings is granted. Settle order.