HERMAN BRANDT, Plaintiff, *v.* WALTER E. GODFREY and CITY BANK FARMERS TRUST COMPANY, as Executors, etc., of ROBERT L. HAGUE, Deceased, Defendants.

Supreme Court, Special Term, New York County, December 3, 1941.

*Robert J. Sykes*, for the plaintiff.

*Godfrey & Marx* [*Aaron H. Marx* of counsel], for the defendants.

SCHREIBER, J. This action is by an insurance broker to have an equitable lien declared in his favor on the proceeds of a life insurance policy payable to the estate of the deceased insured, by reason of the advance of premium on July 1, 1938, by the broker. The insured died in March, 1939.

In a former action on another policy, payable to third party beneficiaries, judgment on the pleadings was rendered for defendants (*Brandt* v. *Godfrey*, 172 Misc. 768; affd., 260 App. Div. 851) on the ground that section 55-a (now § 166) of the Insurance Law was a statutory bar.

This section is applicable only to policies payable to third-party beneficiaries and does not affect the form of policy in suit here, which is payable to the estate of the insured.

Mr. Justice MCLAUGHLIN at Special Term, in the former case, indicated that the circumstances favored an equitable lien. (*Morgan* v. *Mutual Benefit Life Ins. Co.*, 132 App. Div. 455; affd., 197 N. Y. 607; 3 Pomeroy on Equity Jurisprudence [4th ed.], § 1243.) The authority of these citations is unimpaired by anything that was said in later cases (Cf. *Penn Oil P. R. Co.* v. *Willrock Producing Co.*, 267 N. Y. 427; *Matter of City of New York* [*Triborough Bridge*], 257 App. Div. 267; *McAvoy* v. *Schramane*, 219 id. 604), in which were not present the compelling equities inherent in life insurance situations. Indeed, in *James* v. *Alderton Dock Yards* (256 N. Y. 298) the language of Judge CRANE (p. 303), " The implied contract is a term used to define those situations and conditions which make it equitable and just in applying the equity powers of the court to establish and declare a lien where otherwise there might be no relief," sustains the finding of an equitable lien here.

This court is satisfied from all the evidence in this case that the insured intended that possession of the policy in question by plaintiff was for the purpose of an equitable assignment of the proceeds as security for the advance of premium.

It follows that an equitable lien in plaintiff's favor resulted. Plaintiff's possession of the policy, and the testimony of the insured's secretary in regard thereto, clearly and unequivocally so establish and are wholly inconsistent with any other conclusion.

The court does not regard the voluntary surrender of the policy by plaintiff as a waiver, or even as inconsistent with plaintiff's present claims. This plaintiff, by his act of advancing the premium in the sum of $3,325.50 saved the policy from immediate lapse, and enriched the estate by the amount of the policy. It was entirely reasonable for him to assume that he would be paid promptly without the necessity of the present proceeding. But the record shows that the estate is insolvent. Unless a court of equity aids him in this action, plaintiff, without whom this life insurance policy would have lapsed, will be denied his due, if left to his status as a general creditor. A result which seems so inequitable should not be reached by a court of equity.

Judgment is accordingly awarded to plaintiff for the relief demanded in the complaint. No costs. Proposed findings have been passed upon. Submit decision and judgment on notice.