In the Matter of ALEXANDER P. SKORUBSKAS, an Infant.

Surrogate's Court, Bronx County, February 18, 1954.

*Barnett Davis* for Catherine M. Skorubski, petitioner.

*Bernard I. Shulman* for Stella P. Skorubskas, as general guardian of Alexander P. Skorubskas, an infant, respondent.

McGRATH, S. This is an application by the mother of a decedent to compel the general guardian of the decedent's son to draw certain moneys from the funds of the infant in order to repay the petitioner for sums advanced by her for premiums on a life insurance policy of which the infant was the beneficiary.

The evidence in support of the claim indicates that in November, 1945, the Prudential Insurance Company of America issued a whole life policy of insurance with the decedent as the insured and his wife as beneficiary. In October, 1947, in accordance with the terms of the policy, the decedent substituted his son as the new beneficiary, if living, otherwise the proceeds were to be payable to the decedent's mother.

It is undisputed that the petitioner paid the monthly premiums from the date of the issuance of the policy to the date of decedent's death.

The petitioner seeks to invoke the rule that " Where a person not being owner of a policy of life insurance, nor bound to pay the premium, but having some claim or color of interest in it, voluntarily pays the premium thereon and thus keeps it alive for the benefit of a third party, he may thereby acquire an equitable lien on the proceeds of the policy as security for the repayment of his advances." (3 Pomeroy on Equity Jurisprudence [4th ed.], § 1243, cited in *Morgan* v. *Mutual Benefit Life Ins. Co.,* 132 App. Div. 455, 457, affd. 197 N. Y. 607; *Mutual Life Ins. Co.* v. *Gervasini,* 178 Misc. 121, affd. 265 App. Div. 847.)

Although the court is sympathetic with the plight of the petitioner, it appears that section 166 of the Insurance Law bars her from a recovery in this proceeding on her asserted theory of an equitable lien. The first sentence of section 166 reads: " If any policy of insurance has been or shall be effected by any person on his own life in favor of a third person beneficiary, or made payable, by assignment, change of beneficiary or otherwise, to a third person, such third person beneficiary, assignee or payee shall be entitled to the proceeds and avails of such policy as against the creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts of the person effecting the insurance." The statutory provision is explicit and has been interpreted to hold that a beneficiary, other than the estate of the insured, may receive the proceeds of the insurance free of any claims of the insured's creditors

and that one who has paid premiums stands in no better position against the beneficiary of the policy than does any other creditor. In other words, the statute makes no exception in favor of one who has paid the premiums as against a named beneficiary. (*Brandt* v. *Godfrey,* 172 Misc. 768, affd. 260 App. Div. 851, motion for leave to appeal denied 285 N. Y. 855; *Conlew* v. *Spatz,* 88 N. Y. S. 2d 821.)

The application must be denied.

Settle order.