Owen McGivern, J.
The final decree in the above proceeding makes an award for land and improvements for damage parcel 13 in the sum of $110,000 payable to an ‘ ‘ unknown owner ’ ’. Adsan Realty Corp. now petitions this court for an order directing payment to it by the Port of New York Authority of the balance of said award plus lawful interest thereon, after first deducting therefrom all mortgage liens, unpaid taxes and water charges, etc. Petitioner asserts that it was the owner of record as of the vesting date, and the record shows that its title stems from an agreement dated October 23,1955 between Adsan Realty Corp. and Mutual Holding Corp. A copy of said agreement is annexed to the moving papers as an exhibit. This application is opposed by Mutual Holding Corp., which claims that pursuant to the agreement (supra), it has a mutual interest in the balance of the award, and is also opposed by various judgment creditors of Mutual Holding Corp., who contend that their judgments should attach to and become liens against that portion of the balance of the award due Mutual Holding Corp.
The agreement (supra), clearly indicates the intent of the parties to said agreement. It would appear that Adsan Realty Corp. had loaned and advanced certain sums of money on behalf of Mutual Holding Corp., and as security for said loans and advances had taken title to damage parcel 13. Mutual Holding Corp., after conveying title, had the option to repurchase within a stipulated period, upon repayment of said loans and advances, plus interest, etc. Mutual Holding Corp., however, did not exercise its option within the time stipulated in said agreement. In the event of such occurrence, i.e., the failure by Mutual to repurchase, was provided in the agreement that both corporations would share equally in the net proceeds of any condemnation award after Adsan Realty Corp. had first recouped its loans, advances, etc., plus interest and bonuses. This was not, in effect, an equitable lien or assignment of the balance of the award after the payment of prior liens. Yet, this does not mean that Mutual Holding Corp. is without protection (Matter of City of New York [Triborough Bridge], 257 App. Div. 267). It is the court’s construction that the balance of the award be held for security, pending an accounting between Adsan Realty *939 Corp. and Mutual Holding Corp., or any other plenary action as the parties may be advised.
The record further indicates that issues have arisen as to the propriety of the fourth mortgage, held by Martin Platt and Martin M. Wagner, both of whom are officers and stockholders of Adsan Realty Corp. The court is not determining the validity of said mortgage at this time, such determination being reserved for the subsequent trier of the issues.
It is the court’s decision, therefore, that out of the award of $110,000 with lawful interest made for damage parcel 13, that the Port of New York Authority deduct therefrom the amounts necessary to satisfy the unpaid real estate taxes, water meter items, together with appropriate interest thereon, the prepaid rent adjustment, and reimburse itself for the payments necessary to satisfy the first, second and third mortgages. As to the balance of the award then remaining, the Port of New York Authority shall deposit the same with the Treasurer of the City of New York, pending the disposition of any accounting action between Adsan Realty Corp. and Mutual Holding Corp., or any other plenary action which the parties may be advised.