William J. Regan, S.
This is a claim involving the proceeds of an industrial life insurance policy, the premiums for which were allegedly paid by the claimant. The claimant alleges that she paid all the premiums on the policy in question in the total sum of $932.88. The policy is paid up and the proceeds thereof were paid by check made payable to the estate of Joseph Adas. The payment clause of the policy provided as follows: “It is understood and agreed that the Company may make any payment or grant any non-forfeiture privilege provided for in this Policy to any relative by blood or connection by marriage of the Insured, or to any person appearing to the Company to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured, for his or her burial, or for any other purpose, and the production by the Company of a receipt signed by any or either of said persons or of other sufficient proof of such payment or grant of such privilege to any or either of them shall be conclusive evidence that such payment or privilege has been made or granted to the person or persons entitled thereto, and that all claims under this Policy have been fully satisfied. ’ ’
Upon the hearing herein it appears from the testimony and the proofs submitted that Valerie Syput, the stepdaughter of decedent, secured an industrial life insurance policy with the Colonial Life Insurance Company in 1930. The application was signed by the decedent. The original policy, which was received in evidence, has a face value of $500 and contains the words, “industrial life insurance”. No beneficiary is designated thereon. The policy, according to the testimony herein, was always in the possession of the claimant until delivered to the company for payment. The weekly premiums were paid by her to insurance agents who personally collected the premiums at her home for approximately 26 years, from 1930 to 1956. The receipt books have either been lost or mislaid. A sister, Marie Martin, confirmed this testimony and testified further that she never saw the policy in the possession of the decedent. The estate did not controvert the testimony of these witnesses.
Claimant contends that she has an equitable lien upon the proceeds of the policy. (Brandt v. Godfrey, 177 Misc. 982, affd. 264 App. Div. 757.) The estate contends that no equitable lien is created where payments are made voluntarily and without agreement; that the estate being the designated beneficiary under the policy has a right superior to that of the claimant. *849 Section 166 of the Insurance Law specifically entitled the beneficiary to the proceeds of the policy as against creditors or anyone else. (Matter of Skorubskas, 205 Misc. 224.) However, one who has paid insurance premiums under section 166 of the Insurance Law retains an equitable lien upon the policy where there is no beneficiary whose rights are superior. It is argued by the attorney for the estate that the estate, as such, is the designated beneficiary and therefore has rights superior to that of the claimant. Assuming that the estate is the designated beneficiary under the policy herein it then appears that the issue to be resolved herein is whether an equitable lien could be retained where the estate is the beneficiary. This argument is specifically excluded in Brandt v. Godfrey, (177 Misc. 982, affd. 264 App. Div. 757, supra), which states that the statutory provision is explicit and has been interpreted to hold that a beneficiary other than the estate of the insured may receive the proceeds of the insurance free of any claims. Section 166 of the Insurance Law was intended to safeguard the rights of the beneficiary and to make the beneficiary’s position paramount to the creditors of the insured. All that the statute was intended to accomplish was to give the beneficiary a right superior to that of any other creditor of the insured, including one who is a creditor because he paid premiums. (Conlew, Inc. v. Spatz, 88 N. Y. S. 2d 821.) It would appear, therefore, that the protection afforded under the statute does not extend to the estate which, for all intents and purposes, is the insured. Industrial policies, just as the one in question, are generally paid to the estate as was the situation in the Conlew case.
It is accordingly the decision of this court that the claimant has an equitable lien for the premiums paid by her on account of the policy in question. Said premiums having exceeded the face amount of the policy, it is hereby decided and directed that the $500 payable under the terms of the policy be paid to this claimant and the claim is accordingly allowed.