■ BANK OF NEW YORK CENTRAL REGION, Also Known as METROPOLITAN NATIONAL BANK OF SYRACUSE, Appellant, v DONALD A. CAIN et al., Defendants, and MERCHANTS NATIONAL BANK AND TRUST COMPANY OF SYRACUSE, Respondent. — Order unanimously reversed, with costs, complaint reinstated in accordance with memorandum and defendant Merchants National Bank and Trust Company of Syracuse directed to serve its answer within 20 days from entry of the order herein. Memorandum: Plaintiff appeals from an order dismissing its complaint as time barred (CPLR 3211, subd [a], par 5). The action was commenced in September, 1978 and sought reformation of a mortgage and foreclosure of the mortgage as reformed. The complaint alleged that the named mortgagor was the president of a corporation to which the loan was to be made; that four parcels of land were described in the mortgage, two of which were owned by the mortgagor and two of which were owned by the corporation; but that, by mistake, the corporation did not execute the mortgage. Defendant, the Merchants National Bank and Trust Company of Syracuse (Merchants), moved to dismiss the complaint. Special Term held that the action for reformation accrued in 1969 when the mistake was made upon execution of the mortgage; that Merchants, as holder of a mortgage which, in 1975, had been spread to cover the same four parcels described in plaintiff's mortgage, had the right to assert the defense of limitations *(Perry v Fries,* 90 App Div 484), and accordingly, it dismissed the complaint, the action not having been commenced within six years of its accrual (CPLR 213, subd 6). While we agree that an action for reformation was time barred and thus was properly dismissed, we cannot agree that the cause of action for foreclosure should have been dismissed. The elements of a cause of action on an equitable mortgage (see *James v Alderton Dock Yards,* 256 NY 298, 303) are set forth in the complaint which alleges that a

loan of $47,500 was made; that it was intended to be made to the corporation; that by mistake, the corporation did not execute the mortgage; and that Merchants had knowledge of plaintiff's interest in the four parcels when it entered into its spreader agreement. Since an equitable mortgage can be foreclosed without reformation *(Sprague v Cochran,* 144 NY 104), dismissal of the complaint was improper. (Appeal from order of Onondaga Supreme Court — dismiss complaint.) Present — Dillon, P. J., Cardamone, Simons, Callahan and Witmer, JJ.