■ THORNE REAL ESTATE, INC., Appellant, v JOSEPH S. NEZELEK et al., Individually and as Copartners Doing Business as N-R-H ASSOCIATES, Defendants, and LEONARD P. LEFEBVRE et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Crew, J.), entered March 24, 1983 in Broome County, which, *inter alia,* granted a motion by defendants Leonard

and Flordeliza Lefebvre to dismiss the complaint as against them for failure to state a cause of action. ¶ Through the efforts of plaintiff Thorne Real Estate, Inc., defendant N-R-H Associates leased property located in the Town of Chenango to Grossman's lumber store. The lease, dated August 9, 1976, had a term of 10 years and 6 months and provided for a broker's commission of 5% of the rent, payable annually. The lease was recorded in the Broome County Clerk's office. ¶ On August 21, 1981, N-R-H sold the property to defendants Lefebvre and assigned the lease to them. Three days prior to the sale, N-R-H and the Lefebvres entered into an indemnification agreement whereby the Lefebvres were to be held harmless as to the payment of plaintiff's realtor's commission on the lease. N-R-H continued to make payments to plaintiff for a period after the sale, but then stopped, with a balance owing to plaintiff of $3,960. ¶ Plaintiff then brought this suit against N-R-H and its copartners as well as against the Lefebvres, asking the court to impose an equitable lien on the property in the amount of plaintiff's unpaid commission. N-R-H and its copartners, by then deeply in debt, never appeared in the action. However, defendants Lefebvre appeared and moved for dismissal of the complaint as against them for failure to state a cause of action. This motion was granted by Special Term. We affirm. ¶ The existence of an equitable lien requires an express or implied contract concerning specifically identified or identifiable property. If express, the agreement must clearly indicate an intent that the property described is to be held, given or transferred as security for the obligation (*James v Alderton Dock Yards,* 256 NY 298, 303). An agreement to pay a debt out of a designated fund does not operate to create an equitable lien upon the fund (*Matter of City of New York [Triborough Bridge],* 257 App Div 267, 270). No lien will be implied where it would be inconsistent with the express terms of the contract between the parties to have the property stand as security (*Wiles Laundering Co. v Hahlo,* 105 NY 234, 242; 35 NY Jur, Liens, § 15, p 205). These principles have been applied to deny equitable lien recovery for commissions against a nonparty to a brokerage agreement, even if on notice of the obligation (*James v Alderton Dock Yards, supra; Richards v Chuba,* 195 Misc 732; see, also, *Lindheim & Co. v Central Nat. Realty & Constr. Co.,* 111 App Div 275; 1 Warren's Weed, New York Real Property [4th ed], Brokers, §§ 6.01, 6.02). Such an agreement creates only a personal obligation between the contracting parties which does not run with the land (*Spivak v Madison-54th Realty Co.,* 60 Misc 2d 483, 486). Plaintiff's complaint does not set forth any facts or circumstances of inequitable conduct on the part of defendants Lefebvre or their grantors to take the instant case out of the general rule. *Baker v Cooper* (201 App Div 639), relied on by plaintiff, is clearly distinguishable. An equitable lien was imposed in *Baker* not merely because a commission had been earned for brokerage services, but because the broker had expended time and his own funds in managing and preserving the property before the sale and the defendants had conspired with the prior owner to defraud him. ¶ Plaintiff's reference to subdivision 4 of section 2 of the Lien Law (as amd by L 1982, ch 925, § 1) is similarly unavailing. That section creates a statutory lien for a broker's commission arising out of a written agreement for the lease of commercial space for a term of over three years. However, it did not become effective until March 20, 1983, and so is obviously inapplicable to the instant matter. ¶ Finally, we do not find that the complaint states a cause of action against defendants Lefebvre on any tort cause of action, such as interference in contract, prima facie tort or conspiracy to defraud. Plaintiff has failed to show any intent on the part of defendants Lefebvre to deprive it of its commission or that they had any knowledge that defendant N-R-H would be unable to continue payment on this obligation. ¶ Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.