■ PHILIP DATLOF, Appellant, v JOAN S. TURETSKY, Respondent. — In an action to impress an equitable lien upon certain real property, plaintiff appeals from an order of the Supreme Court, Nassau County (Berman, J.), dated October 4, 1983,

which, *inter alia,* granted defendant's motion to dismiss the complaint for failure to state a cause of action.

Order modified by adding thereto a provision granting plaintiff leave to replead, if he be so advised. As so modified, order affirmed, without costs or disbursements. Plaintiff's time to replead is extended until 30 days after service upon him of a copy of the order to be made hereon, with notice of entry.

In this action, the plaintiff seeks a judgment declaring that he has an equitable lien upon defendant's home. Plaintiff bases his claim upon moneys he lent to his former partner, Martin J. Turetsky, while he was living separate and apart from the defendant, Joan S. Turetsky. Martin J. Turetsky is now deceased and plaintiff claims that the borrowed moneys were used to improve the real property, title to which is now in the defendant's name.

The existence of an equitable lien requires an express or implied contract concerning specific property wherein there is a clear intent between the parties that such property be held, given or transferred as security for an obligation (*James v Alderton Dock Yards,* 256 NY 298, *rearg denied* 256 NY 681; *Thorne Real Estate v Nezelek,* 100 AD2d 651; *Di Niscia v Olsey,* 162 App Div 154). It is equally well settled that an agreement, either by parol or in writing, to pay a debt out of a designated fund does not operate to create an equitable lien upon the fund, or operate as an equitable assignment thereof (*James v Alderton Dock Yards, supra; Matter of City of New York [Triborough Bridge],* 257 App Div 267; *see also,* 35 NY Jur, Liens, § 14).

In deciding whether plaintiff has sufficiently pleaded a cause of action to impress an equitable lien upon defendant's home, we are bound to accept every allegation set forth in the complaint as true regardless of whether plaintiff will ultimately prevail on the merits (*219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506). Moreover, defects in the complaint may be remedied by affidavits and other documentary evidence submitted by plaintiff (*Rovello v Orofino Realty Co.,* 40 NY2d 633; *Fields v Leeponis,* 95 AD2d 822). Plaintiff's complaint, read together with the affidavit submitted in opposition to defendant's motion to dismiss for failure to state a cause of action, does not set forth any facts or circumstances upon which an equitable lien recovery could be ordered. At best, plaintiff's complaint and affidavit allege that defendant stated that her husband's debt would be paid from the proceeds of the sale of the home. Inasmuch as "[a]n agreement to pay a debt out of a designated fund does not operate to create an equitable lien upon the fund" (*Thorne Real Estate v Nezelek, supra,* at p 652), Special Term was correct in

dismissing the plaintiff's complaint herein. However, plaintiff may possess a cause of action, for example, in contract or upon a special promise to answer for the debt of another. Accordingly we have amended the order appealed from so as to grant him leave to replead, if he be so advised. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.