■ GARY M. SOBO, Appellant-Respondent, v GREATER REGION FUNDING, INC., et al., Defendants. RICHARD GILL COMPANY, Defendant and Third-Party Plaintiff-Respondent-Appellant; MID-ISLAND EQUITIES CORP., Third-Party Defendant-Respondent.—In an action *inter alia,* to declare the plaintiff, individually and as trustee, the equitable holder of a mortgage, (1) the plaintiff appeals from so much of an order of the Supreme Court, Orange County (Patsalos, J.), dated July 6, 1987, as denied his motion, *inter alia,* for summary judgment,

and (2) the defendant third-party plaintiff the Richard Gill Company (hereinafter Gill), cross-appeals from so much of the same order as denied its cross motion, *inter alia,* for summary judgment dismissing the complaint as against it.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case * * * Failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers" *(Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853). Here, the plaintiff claims he is the equitable owner of a mortgage on realty. Gill contends that the plaintiff's claim is simply one for money damages. We agree with the Supreme Court that the record does not clearly indicate whether the subject property was intended to be mortgaged as security for the plaintiff's payment of $31,287.62 to the seller *(see, James v Alderton Dock Yards,* 256 NY 298, 303; *Thorne Real Estate v Nezelek,* 100 AD2d 651; *Bank of N. Y. v Cain,* 78 AD2d 963). We also find that the Supreme Court properly rejected Gill's request to vacate the notice of pendency at this stage of the action *(see, Goldstein v Gold,* 106 AD2d 100, *affd* 66 NY2d 624). Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.