■ ANN TARZIA et al., Respondents, v BROOKHAVEN NATIONAL LABORATORY et al., Defendants, and ASSOCIATED UNIVERSITIES, INC., Appellant. [669 NYS2d 230] —In a negligence action to recover damages for personal injuries, the defendant Associated Universities, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated February 19, 1997, as denied that branch of its motion pursuant to CPLR 3211 (a) (7) which was to dismiss the second cause of action to recover damages for negligent misrepresentation.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was to dismiss the second cause of action to recover damages for negligent misrepresentation is granted.

The plaintiffs' bare assertion that the defendants "negligently misrepresented to the plaintiffs the risk created by the use, discharge and deposit of the hazardous materials" is legally insufficient to state a cause of action for negligent mispresen-

tation (*see,* CPLR 3016 [b]; *Lanzi v Brooks,* 43 NY2d 778; *Fort Ann Cent. School Dist. v Hogan,* 206 AD2d 723; *Franklin v Winard,* 199 AD2d 220, 221; *New York Fruit Auction Corp. v City of New York,* 81 AD2d 159, 161-162, *affd* 56 NY2d 1015). In assessing a motion to dismiss for failure to state a cause of action (*see,* CPLR 3211 [a] [7]) the court may consider any evidence that could properly be considered on a motion for summary judgment (*see,* CPLR 3211 [c]; *Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *Rovello v Orofino Realty Co.,* 40 NY2d 633, 634). The affirmation of the plaintiffs' attorney submitted in opposition to the defendants' motion to dismiss, *inter alia,* the second cause of action is of no probative value since it was not supported by any documentary evidence (*see, Barasch v Micucci,* 49 NY2d 594, 600; *Adam v Cutner & Rathkopf,* 238 AD2d 234; *Gorman v Gorman,* 88 AD2d 677). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.