OPINION OF THE COURT
Stanley Parness, J.
Fee-claimant condemnee Rena Holding Corporation (hereafter Rena) moves herein for an order directing condemnor New York City School Construction Authority (hereafter condemnor) to pay to Rena $51,000, plus lawful interest, withheld by condemnor from an advance payment to Rena in the sum of $850,000 in the within condemnation proceeding. Condemnor asserts that the sum withheld is necessary to protect condemnor from the claims of a third party, i.e., proposed interpleaded party Judith Bloustein-Schutz (hereafter Bloustein-Schutz), a licensed real estate broker, on whose behalf condemnor cross-moves for interpleader. Bloustein-Schutz’s claim is based on a written brokerage agreement with Rena for the sale of the property — which is the subject of the case-in-chief herein — and her contention that her commission was earned upon her efforts to sell the subject property to the condemnor, even though the “sale” is achieved by the exercise of eminent domain.
Condemnor relies on EDPL 501 (B) conferring on this Court jurisdiction for “all claims arising from the acquisition of real property,” and EDPL 505 (B) which authorizes this Court to interplead a third party that “disputes a condemnee’s title or a right to all or a portion of an award or prospective award by reason of conflicting claims of title.” Clearly, however, the language of the statutes on which condemnor relies supposes that the interpleaded claim is one that is cognizable as a claim properly secured by the equity of the real property which is the subject to the condemnation proceeding. Subdivision (A) of EDPL 505 specifies that “[e]ach condemnor shall receive proof of title to property acquired together with proof of liens or encumbrances thereon.” Condemnor cites no authority herein for the raising of Bloustein-Schutz’s allegations to the level of a cognizable claim against the subject real estate, and hence, one for which condemnor, as the successor in interest, might justly fear liability.
Condemnor, additionally, relies on EDPL 703, which makes the provisions of the CPLR applicable in the absence of any rule to the contrary, and upon the authority of EDPL 703, relies in turn on CPLR 1006, which permits a “stakeholder” to commence an interpleader action against rival claimants — a “stakeholder” being defined as one “who is or may be exposed *391 to multiple liability as a result of adverse claims.” (CPLR 1006 [a].)
However, for all that EDPL 501, 505, and 703 and CPLR 1006 permit interpleader in a condemnation proceeding, condemnor must first establish that it is in danger of the multiple liability contemplated by the statutes on which it relies. The Court concludes that condemnor is not exposed to any such liability and interpleader is not warranted in the case at bar. It has been held that the obligation to pay a real estate broker’s commission is personal to the party that contracted with the broker and does not run with the land which was the subject of the brokerage contract in the absence of some demonstrable inequitable conduct by the successor in interest to the property (Thorne Real Estate v Nezelek, 100 AD2d 651, 652). Here no inequitable conduct on the part of condemnor, the successor in interest, is alleged. In any event, no lien has ever been filed herein, nor is there any statutory or common-law basis for such a lien against the property or the condemnation proceeds remaining to be paid to the condemnee, Rena.
In sum, since no claim may be asserted by the real estate broker against said proceeds, interpleader to adjudicate same is not required. Accordingly, the cross motion for interpleader is denied in all respects, and the motion for an order directing condemnor to pay the withheld sum of $51,000 to Rena Holding Corporation, together with lawful interest, is granted. All of the foregoing is without prejudice to the right of Bloustein-Schutz to pursue her claim for commission in an appropriate forum.