■ AMY E. RYAN, Respondent, v PAUL COVER, Appellant. [904 NYS2d 750]—

In an action to recover on a promissory note and to impose an equitable lien on a certain parcel of real property, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated January 29, 2010, as denied that branch of his motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action in the amended verified complaint to impose an equitable lien on the subject property.

Ordered that the order is affirmed insofar as appealed from, with costs.

In the amended verified complaint, the plaintiff sets forth two causes of action, first, to recover amounts due under a promissory note, and second, to impose an equitable lien upon certain real property identified in the promissory note and allegedly pledged as security for the defendant's obligation pursuant to an oral agreement between the parties. The defendant moved to dismiss the amended verified complaint on various grounds, and the Supreme Court denied his motion in its entirety. On appeal, the defendant contends that the plaintiff failed to adequately plead the second cause of action in the amended verified complaint to impose an equitable lien.

"The existence of an equitable lien requires an express or implied contract concerning specific property wherein there is a clear intent between the parties that such property be held, given or transferred as security for an obligation" (*Datlof v*

*Turetsky,* 111 AD2d 364, 365 [1985]; *see M & B Joint Venture, Inc. v Laurus Master Fund, Ltd.,* 12 NY3d 798, 800 [2009]; *Teichman v Community Hosp. of W. Suffolk,* 87 NY2d 514, 520 [1996]; *Sprague v Cochran,* 144 NY 104, 112 [1894]; *NYCTL 1999-1 Trust v NY Pride Holdings, Inc.,* 68 AD3d 952, 953 [2009]). Upon a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, a pleading must be given the benefit of every possible favorable inference to be drawn, and every fact alleged must be assumed to be true (*see Pike v New York Life Ins. Co.,* 72 AD3d 1043 [2010]; *Datlof v Turetsky,* 111 AD2d at 365). In addition, a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint (*see Rovello v Orofino Realty Co.,* 40 NY2d 633, 635-636 [1976]; *Pike v New York Life Ins. Co.,* 72 AD3d at 1049).

Here, the allegations in the amended verified complaint, as supplemented by the plaintiff's affidavit submitted in opposition to the defendant's motion to dismiss, sufficiently pleaded that the parties intended to create a lien on the subject property in favor of the plaintiff as security for the defendant's payment obligation under the promissory note. Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action in the amended verified complaint to impose an equitable lien on the subject property (*see Sprague v Cochran,* 144 NY at 112; *Federal Deposit Ins. Corp. v Five Star Mgt.,* 258 AD2d 15, 21-22 [1999]; *Bank of N.Y. Cent. Region v Cain,* 78 AD2d 963, 963-964 [1980]; *cf. Datlof v Turetsky,* 111 AD2d at 365).

The defendant's remaining contentions are either without merit or improperly raised for the first time in his reply brief (*see NYCTL 2005-A Trust v 2137-2153 Nostrand Ave. Assoc., L.P.,* 69 AD3d 697, 698 [2010]). Skelos, J.P., Covello, Angiolillo and Sgroi, JJ., concur.