■ LEONARDO QUINONES et al., Respondents, v WILLIAM H. SCHAAP, Appellant, et al., Defendants. [937 NYS2d 262]—

The amended complaint alleges that the plaintiffs entered into an oral agreement with the defendants for a loan in the sum of $140,000, that such money was wire-transferred into the IOLA account of the defendant attorney William H. Schaap, and that, despite due demand, the defendants failed to repay the loan or provide an accounting of the escrowed funds. In the order appealed from, the Supreme Court, inter alia, denied Shaap's motion pursuant to CPLR 3211 (a) (7) and 3016 (b) to dismiss the amended complaint insofar as asserted against him. Schaap appeals. We modify.

In determining whether a complaint is sufficient to withstand a motion to dismiss pursuant to CPLR 3211 (a) (7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see 1414 Realty Corp. v G & G Realty Co.*, 272 AD2d 309 [2000]). "The complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party granted the benefit of every possible favorable inference" (*Hense v Baxter*, 79 AD3d 814, 815 [2010]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Kopelowitz & Co., Inc. v Mann*, 83 AD3d 793, 796-797 [2011]). In addition, a court may consider any factual submissions made in opposition to a motion to dismiss in order to remedy pleading defects (*see* CPLR 3211 [c]; *Ryan v Cover*, 75 AD3d 502, 503 [2010]; *Tarzia v Brookhaven Natl. Lab.*, 247 AD2d 605 [1998]).

The Supreme Court properly denied that branch of Schaap's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to recover damages for breach of contract insofar as asserted against him. The amended complaint effectively alleges that, as part of the subject business transaction, the defendants received the plaintiffs' loan in the sum of $140,000, and that the defendants were to repay that loan with interest.

Furthermore, because the amended complaint alleges that Schaap agreed to separately maintain the loaned sum in his IOLA account, to provide an accounting on demand, and to repay the loaned sum on demand, and that Schaap failed to do so, the plaintiffs sufficiently alleged a cause of action against him to recover damages for breach of fiduciary duty and for an accounting.

However, the Supreme Court erred in denying those branches of Schaap's motion which were pursuant CPLR 3211 (a) (7) and 3016 (b) to dismiss the causes of action to recover damages for fraud and conversion insofar as asserted against him. Here, "the plaintiff[s] fail[ ] to allege or provide details of any misstatements or misrepresentations made to [them] specifically by [Schaap], as required by CPLR 3016 (b)" (*Scott v Fields*, 85 AD3d 756, 757-758 [2011]). Likewise, the cause of action alleging conversion must also be dismissed, "since the cause of action, as pleaded, is 'predicated on a mere breach of contract' " (*Weinstein v Natalie Weinstein Design Assoc., Inc.*, 86 AD3d 641, 642 [2011], quoting *Wolf v National Council of Young Israel*, 264 AD2d 416, 417 [1999]; *see Tornheim v Blue & White Food Prods. Corp.*, 56 AD3d 761 [2008]) and, in any event, the allegations in the amended complaint in general are insufficient to state a conversion claim (*see Independence Discount Corp. v Bressner*, 47 AD2d 756, 757 [1975]).

Accordingly, the Supreme Court should have granted those branches of Schaap's motion which were pursuant to CPLR 3211 (a) (7) and 3016 (b) to dismiss the causes of action to recover damages for fraud and conversion insofar as asserted against him. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.