■ US Bank National Association, as Trustee of the Banc of America Funding 2006-A Trust, Appellant, v William Lieberman et al., Defendants, and Joanne Omark Lieberman, Respondent. (And a Third-Party Action.) [950 NYS2d 127]—

Order, Supreme Court, New York County (Ellen Gesmer, J.), entered July 8, 2011, which, to the extent appealed from, in a mortgage foreclosure action, granted defendant Johanna Omark Lieberman's (sued herein as Joanne Omark Lieberman) motion for summary judgment dismissing the complaint as against her, denied plaintiff's cross motion for summary judgment, and denied plaintiff's motion to extend the time for discovery and the submission of certain documents, unanimously affirmed, without costs.

Defendants, a husband and wife embroiled in a divorce ac-

tion, had purchased a residence by personally signing the contract of sale and conducting the remainder of the transaction by power of attorney. The deed vested title in both spouses, but the note and mortgage executed on their behalf named only the husband as borrower. Although the matrimonial court had directed the husband to make payments on the mortgage obligation, he defaulted, and plaintiff sought to foreclose on the property. However, because the property was held by the still married defendants as a tenancy by the entirety, and would only be subject to partition after the divorce decree became final (*see Goldman v Goldman*, 95 NY2d 120, 122 [2000]; *Freigang v Freigang*, 256 AD2d 539 [1998]), plaintiff sought reformation to correct the inconsistency between the deed and the mortgage to add defendant wife's name as a mortgagor.

The motion court correctly granted defendant's motion for summary judgment insofar as the affidavits and documents she submitted in support of her motion established her prima facie entitlement to such relief. Specifically, defendant established that upon closing (1) she acquired one-half undivided interest in the property at issue, which she holds with her husband as a tenant by the entirety; (2) that she was not a signatory to either the note or mortgage on the property; and (3) that having never applied for a mortgage, she never had any contact, let alone a relationship, with plaintiff or its assignor. Since plaintiff seeks to foreclose on the property pursuant to the mortgage, a contract authorizing foreclosure upon the mortgagor's failure to make the required payments, it must establish, inter alia, that defendant was a party to the mortgage and that she breached the same (*Harris v Seward Park Hous. Corp.*, 79 AD3d 425, 426 [2010] [the essential elements of a cause of action for breach of contract are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages]; *JP Morgan Chase v J.H. Elec. of N.Y., Inc.*, 69 AD3d 802, 803 [2010]). Here, nothing submitted by plaintiff establishes that defendant was a party to the mortgage, let alone that she breached its terms. Accordingly, plaintiff failed to raise an issue of fact so as to preclude summary judgment in defendant's favor.

Plaintiff's cross motion for summary judgment was properly denied inasmuch as plaintiff failed to establish entitlement to reformation of the mortgage or the imposition of an equitable lien upon the property. "Reformation is not granted for the purpose of alleviating a hard or oppressive bargain, but rather to restate the intended terms of an agreement when the writing that memorializes that agreement is at variance with the intent

of both parties" (*George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219 [1978]). It is thus presumed that a deliberately prepared and executed document manifests the true intentions of the parties such that the proponent of reformation is required to proffer evidence, which, in no uncertain terms, evinces fraud or mistake and the intended agreement between the parties (*Chimart Assoc. v Paul*, 66 NY2d 570, 574 [1986]). Reformation on grounds of mutual mistake requires proof, by clear and convincing evidence, that an agreement does not express the intentions of either party (*Migliore v Manzo*, 28 AD3d 620, 621 [2006]). Reformation based upon a scrivener's error requires proof of a prior agreement between parties, which when subsequently reduced to writing fails to accurately reflect the prior agreement (*Harris v Uhlendorf*, 24 NY2d 463, 467 [1969]). Here, beyond pointing to documents related to the purchase of the property which defendant either directly executed or which were executed by her attorney-in-fact, plaintiff fails to proffer any evidence establishing any intent that defendant was to be a party to and/or be bound by the mortgage. The absence of such evidence thus precludes the conclusion urged by plaintiff, namely that defendant's failure to execute the mortgage was a mutual mistake or a scrivener's error. In fact, the very evidence proffered by plaintiff militates against such a conclusion, inasmuch as neither the mortgage nor the note, prepared by plaintiff's assignor, had defendant's name preprinted on it, as was her husband's, neither document was executed by defendant's attorney-in-fact on her behalf; he executed them solely on behalf of defendant's husband. Plaintiff's evidence thus supports the conclusion that it was both defendant, her husband and plaintiff's assignor's intent that defendant not be a party to the mortgage.

"[A]n equitable lien is dependent upon some agreement express or implied that there shall be a lien on specific property" (*Teichman v Community Hosp. of W. Suffolk*, 87 NY2d 514, 520 [1996] [internal quotation marks omitted]). The proponent of an equitable lien on property must establish the existence of "a clear intent between the parties that such property be held, given or transferred as security for an obligation" (*Ryan v Cover*, 75 AD3d 502, 502 [2010] [internal quotation marks omitted]). As noted above, beyond defendant's execution of other documents related to the purchase of the property, plaintiff failed to tender any evidence establishing that defendant agreed or intended to have plaintiff's assignor place a lien on the property.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Catterson, Acosta,

Freedman and Román, JJ.