■ ANGELINA MARIANO, Appellant, v DONNA FIORVANTE et al., Respondents. [989 NYS2d 55]—

In an action to recover damages for fraud, breach of contract, conversion, negligence, and "elder abuse," the plaintiff appeals from an order of the Supreme Court, Queens County (Siegal, J.), entered June 10, 2013, which granted the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the causes of action sounding in conversion and negligence as time-barred and pursuant to CPLR 3211 (a) (7) to dismiss the causes of action sounding in fraud, breach of contract, and "elder abuse" for failure to state a cause of action, and denied, as academic, her cross motion pursuant to CPLR 3403 (a) (4) for a trial preference.

Ordered that the order is affirmed, with costs.

The complaint alleges that the defendants, relatives of the plaintiff, took sums of money and property from the plaintiff with no intention of paying the money back or returning the property. The complaint asserts causes of action alleging fraud, breach of contract, conversion, negligence, and "elder abuse." In the order appealed from, the Supreme Court granted the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the causes of action sounding in conversion and negligence as time-barred and pursuant to CPLR 3211 (a) (7) to dismiss the causes of action sounding in fraud, breach of contract, and "elder abuse" for failure to state a cause of action,

In assessing a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint for failure to state a cause of action, the facts as alleged in the complaint and the opposition papers must be accepted as true; the court must accord the plaintiff the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory (*see Siegmund Strauss, Inc. v East 149th Realty Corp.*, 20 NY3d 37, 43 n 4 [2012]; *Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]).

The Supreme Court properly directed the dismissal of the cause of action sounding in fraud. To properly plead a cause of action to recover damages for fraud, a plaintiff must allege that (1) the defendant made a false representation of fact, (2) the defendant had knowledge of the falsity, (3) the misrepresentation was made in order to induce the plaintiff's reliance, (4) there was justifiable reliance on the part of the plaintiff, and (5) the plaintiff was injured by the reliance (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]; *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 406-407 [1958]). In addition, CPLR 3016 (b) requires that where a cause of action is based upon misrepresentation, fraud, mistake, willful deceit, breach of trust, or undue influence, the circumstances constituting the wrong shall be stated in detail. Here, neither the complaint nor the factual submissions made in opposition to the subject motion alleged any false representation of fact by any of the defendants (*cf. Matter of Baugher*, 98 AD3d 1111, 1112 [2012]; *Quinones v Schaap*, 91 AD3d 739, 740 [2012]; *Ryan v Cover*, 75 AD3d 502, 503 [2010]). The Supreme Court also properly concluded that the complaint failed to adequately allege the essential elements of a cause of action to recover damages for breach of contract (*cf. Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]; *W. Park Assoc., Inc. v Everest Natl. Ins. Co.*, 113 AD3d 38, 44 [2013]; *JP Morgan Chase v J.H. Elec. of N.Y., Inc.*, 69 AD3d 802, 803 [2010]). The Supreme Court properly determined that the plaintiff's conclusory claim of "elder abuse" failed to fit within any cognizable cause of action (*cf. Campbell v Thomas*, 73 AD3d 103, 105 [2010]).

The cause of action sounding in conversion was barred by the applicable statute of limitations since this action was commenced more than three years after the alleged "theft" occurred (*see* CPLR 214 [3]). Similarly, this action was commenced more than three years after any alleged negligence had been committed. Accordingly, the Supreme Court properly granted those branches of the defendants' motion which was to dismiss the cause of actions of alleging negligence and the failure to return the plaintiff's personal property (*see* CPLR 3211 [a] [5]).

In light of the foregoing, the Supreme Court properly denied, as academic, the plaintiff's cross motion pursuant to CPLR 3403 (a) (4) for a trial preference. The plaintiff's remaining contentions are not properly before this Court, as they were not raised in opposition to the defendants' motion or in support of her own cross motion. Rivera, J.P., Hall, Sgroi and Maltese, JJ., concur.