Oparaji v Turkish Airlines, Inc. (2025 NY Slip Op 51471(U))

[*1]

Oparaji v Turkish Airlines, Inc.

2025 NY Slip Op 51471(U)

Decided on September 18, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 18, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570807/25

Maurice Oparaji, Plaintiff-Appellant,
against
Turkish Airlines, Inc., Defendant-Respondent.

Plaintiff appeals from: (1) an order of the Civil Court of the City of New York, New York County (Erik L. Gray, J.), dated April 17, 2024, which denied his motion to amend the complaint; (2) an order of the same Court (José A. Padilla, Jr., J.), dated January 23, 2025, which denied his motion to vacate a prior order, dated September 9, 2024, denying defendant's motion for partial summary judgment; and (3) an order (same Court and Judge), dated February 20, 2025, which denied his motion for summary judgment.

Per Curiam.
Order (Erik L. Gray, J.), dated April 17, 2024, affirmed, with $10 costs. Order (José A. Padilla, Jr., J.), dated February 20, 2025, modified, to the extent of granting plaintiff summary judgment on his breach of contract claim in the principal sum of $729.89, and dismissing his claims for consequential damages; as modified, order affirmed, without costs. The Clerk is directed to enter judgment accordingly. Appeal from order (José A. Padilla, Jr., J.), dated January 23, 2025, dismissed, without costs, as plaintiff is not aggrieved by that order.
Plaintiff made a prima facie showing of entitlement to summary judgment on his breach of contract claim in the amount of $729.89. In support of his motion, plaintiff submitted proof of payment of the subject airplane ticket and proof that the flight was cancelled. Defendant airline did not dispute that plaintiff purchased the ticket and that a refund was not issued after the flight was cancelled.
The defendant's "General Conditions of Carriage" provide that if the carrier cancels a flight and no portion of the ticket has been used, the refund "shall" be an amount "equal to the fare paid" (see Section 11.3.1), which here is $729.89. Plaintiff is therefore entitled to summary judgment in this amount. Upon a search of the record (see CPLR 3212 [b]), we dismiss plaintiff's claims for indirect or consequential damages because such damages are excluded by Section 16.3.5 of the "General Conditions of Carriage."
Civil Court properly denied plaintiff's motion to amend the complaint since the proposed amendments were palpably insufficient and/or lacked merit. Plaintiff's conclusory claim of "elder [*2]abuse" failed to fit within any cognizable cause of action (see Mariano v Fiorvante, 118 AD3d 961, 962 [2014]). Likewise, his proposed claim of negligent misrepresentation was palpably insufficient because plaintiff failed to allege any of the required elements of the claim, including the existence of a special or privity-like relationship (see J.A.O. Acquisition Corp. v Stavitsky, 8 NY3d 144, 148 [2007]; see also MatlinPatterson ATA Holdings LLC v Federal Express Corp., 87 AD3d 836, 840 [2011], lv denied 21 NY3d 853 [2013]). Nor is his proposed claim for injunctive relief viable in the New York City Civil Court (see Broome Realty Assoc. v Sek Wing Eng, 182 Misc 2d 917, 918 [App Term, 1st Dept 1999]).
Plaintiff is not aggrieved by the order denying his motion to vacate a prior order which denied defendant's motion for partial summary judgment (see CPLR 5511).
We have examined plaintiff's remaining contentions and
find them to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 18, 2025