■ BUBONIA HOLDING CORPORATION, Doing Business as BUBONIA BROTHERS BLACKTOP, Plaintiff, v RONALD N. JECKEL, Respondent, et al., Defendants, and WILLIAM M. LARNED AND SONS, INC., Appellant. (Action No. 1.) WILLIAM M. LARNED AND SONS, INC., Appellant, v RONALD N. JECKEL, Respondent, et al., Defendant. (Action No. 2.)—Mahoney, J. Appeal from an order of the Supreme Court (White, J.), entered July 22, 1991 in Schenectady County, which, *inter alia,* granted defendant Ronald N. Jeckel's cross motion for summary judgment dismissing the complaint in action No. 2.

In September 1987, defendant Ronald N. Jeckel (hereinafter defendant) entered into a project development agreement with Metcalf and Associates, Inc. (hereinafter the project manager) to research and design a commercial building to house an Acura-Honda automobile dealership which was to be constructed on defendant's property along Route 5 in the Town of Niskayuna, Schenectady County. Following completion of the design phase, defendant entered into a contract with defendant Metcalf Development Company, Inc. (hereinafter Metcalf) to perform site and utility work incident to the construction (hereinafter the site and utility contract). Several months thereafter, Ron Bowman, an employee of Metcalf, entered into an oral agreement with plaintiff William M. Larned and Sons, Inc. (hereinafter plaintiff) to supply sand and gravel to the site. When Metcalf failed to make full payment for the materials delivered, plaintiff commenced an action against Metcalf and defendant sounding in breach of contract.* Following joinder of issue and the conducting of some depositions, plain-

---

* Evidently, Metcalf failed to appear and a default judgment was entered

tiff moved, *inter alia,* for summary judgment against defendant prompting the latter to cross-move for the same relief against plaintiff. Supreme Court granted defendant's cross motion, concluding that plaintiff's agreement was solely with Metcalf and there was no contractual privity between plaintiff and defendant. Plaintiff appeals.

We affirm. It is well established that a subcontractor may not assert a contractual claim against an owner with whom it is not in privity *(see, e.g., Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club,* 156 AD2d 550, 551; *Eastern States Elec. Contrs. v Crow Constr. Co.,* 153 AD2d 522, 523). In our view the evidence presented by plaintiff fails to raise a triable issue of fact on the subject of privity. It is uncontroverted that plaintiff's sand and gravel agreement was solely with Metcalf. Acting on behalf of that entity, Bowman solicited plaintiff's services, plaintiff sent its price quotations directly to him, made delivery arrangements through him, addressed all later billings and other communications to Metcalf's home office and, to the extent plaintiff was paid, payment was made directly by Metcalf. There was absolutely no contact with defendant and, by all accounts, he had no knowledge of this agreement or the terms thereof until so advised by plaintiff after payment difficulties developed. In this regard, it is also not without significance that the site and utility contract specifically provided that any subcontracts entered into by Metcalf would not create a contractual relationship with defendant.

Nor do we believe that any factual issues exist with respect to defendant's liability under agency principles. As noted by Supreme Court, the record amply demonstrates that Bowman was acting as a representative of Metcalf when he negotiated the subject agreement with plaintiff and is bereft of even the slightest hint or inference that he was subject to defendant's control. While plaintiff contends that Bowman was also an employee of the project manager and that factual issues exist with regard to whether he entered into the subject agreement not pursuant to the terms of the site and utility contract but rather in his capacity as employee for the project manager, which entity plaintiff argues was, by virtue of the terms of the project development agreement, defendant's agent, it is evident from a review of the project development agreement and

against it. Plaintiff advises that this entity has filed for bankruptcy in Kentucky.

the site and utility contract that this argument is fundamentally flawed. The project development agreement makes clear that the project manager has no authority to enter into contracts on defendant's behalf. That entity's authority is limited to "[o]btain[ing] competitive bids for [defendant's] review on all major sub-trades and mak[ing] recommendations" and "[p]repar[ing] contract agreements between [defendant] and Contractor". In any event, the site and utility contract *expressly* provides that an employee of the project manager, such as plaintiff alleges Bowman is, has no authority to enter into any agreements on behalf of defendant. Accordingly, even if the agreement was entered into by Bowman in his capacity as site coordinator for the project manager, inasmuch as the foregoing clearly establishes that in that capacity he lacked authority to bind defendant, plaintiff's argument must fail. Finally, inasmuch as there was no contact whatsoever between defendant and plaintiff, there are no issues of apparent authority or estoppel.

Weiss, P. J., Levine, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.