■ BRUCE S. CONKLIN, Appellant, v CITY OF SARATOGA SPRINGS, Respondent. [699 NYS2d 820] —Cardona, P. J. Appeal from an order of the Supreme Court (Keniry, J.), entered October 13, 1998 in Saratoga County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

In June 1995, defendant awarded an $80,000 grant to Shelters of Saratoga, Inc. for the purpose of subsidizing the construction of a homeless shelter on defendant's property. Under the written contract memorializing the grant, defendant agreed to transfer title to the property to Shelters upon the issuance of a certificate of occupancy, provided that Shelters completed performance and obtained the certificate prior to December 31, 1996, the contract expiration date. Shelters subsequently contracted with plaintiff to construct the shelter however, it did not obtain the certificate of occupancy until June 1997. Defendant thereafter refused to transfer title to Shelters rendering Shelters unable to procure the funds necessary to pay plaintiff.

Plaintiff commenced this action against defendant for breach

of contract, quantum meruit and unjust enrichment premised upon his alleged status as a third-party beneficiary to the contract between defendant and Shelters. Following joinder of issue, Supreme Court granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment. This appeal by plaintiff ensued.

We affirm. Plaintiff's cause of action for breach of contract based upon his claimed third-party beneficiary status was properly dismissed. The contract between Shelters and defendant does not contain an express provision identifying plaintiff as an intended third-party beneficiary nor does it otherwise reveal a specific intent to confer a benefit upon plaintiff or permit plaintiff to enforce the contract terms (see, *Perchinsky v State of New York*, 232 AD2d 34, 38, *lv dismissed and denied* 91 NY2d 830, *lv denied* 93 NY2d 812; *Binghamton Masonic Temple v City of Binghamton*, 213 AD2d 742, 745, *lv denied* 85 NY2d 811). Moreover, although Supreme Court did not set forth its reasons for dismissing plaintiff's unjust enrichment and quantum meruit claims, we find dismissal appropriate inasmuch as the claims are based upon events arising out of the same subject matter encompassed by plaintiff's contract with Shelters (see, *Trustco Bank v S/N Precision Enters.*, 234 AD2d 665, 667; *Mariacher Contr. Co. v Kirst Constr.*, 187 AD2d 986, 987). We have considered plaintiff's remaining contentions and find them to be without merit.

Mikoll, Crew III, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.