Michael G. POTTER, Plaintiff–
Appellant,

v.

XEROX CORPORATION and Health
International Inc., Defendants–
Appellees.

No. 00–7470.

United States Court of Appeals,
Second Circuit.

Jan. 5, 2001.

Theodore S. Kantor, Bilgore, Reich, Levine, Kroll & Kantor, Rochester, NY, for appellant.

Margaret A. Clemens, Nixon Peabody, Rochester, NY; Francis E. Maloney, Jr., Bond Schoeneck & King, Syracuse, NY, for appellee.

Present McLAUGHLIN, POOLER, Circuit Judges, DRONEY, District Judge.*

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Plaintiff–Appellant Michael G. Potter appeals the district court's grant of summary judgment for defendants-appellees Xerox Corporation and Health International Inc.

Potter, born in 1945, began working for Xerox in 1965, until, in 1996, Potter left work on disability leave after suffering chest pains. Potter suffered from panic and anxiety attacks, along with severe depression, resulting from work related stress—or, more specifically, the stress of working with his supervisor. While some evaluating physicians regarded Potter as totally disabled and unable to work, others viewed him as capable of working provided he did not work under his old supervisor. Health International, the administrator of Xerox's employee disability plan, relied on the physicians' view that Potter was able to work under a different supervisor and denied him long term disability benefits.

* The Honorable Christopher F. Droney, United States District Court Judge for the District of Connecticut, sitting by designation.

In accordance with corporate policy, Xerox conducted a 45 day job search to find other regional openings within the corporation for which Potter was qualified, but stated no such opening was available. Accordingly, Potter was fired in March 1997. Potter alleges he was terminated improperly. A former supervisor, Charles Scroger, stated he was interested in having Potter work under him but was told to "drop the idea." Scroger also stated that another of Potter's supervisors had complained about all the old people working at Xerox in a conversation that also touched on the slowness with which Potter performed his work.

Potter brought suit against Xerox and Health International alleging disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 621 et seq. In an order of March 31, 2000, the district court granted summary judgment for the defendants. The district court dismissed Potter's ADA claim against Health International, which seemed to allege that he was denied disability benefits in violation of the ADA, because the ADA does not provide a cause of action for improper denial of benefits. *See Potter v. Xerox Corp.*, 88 F.Supp.2d 109, 112 (W.D.N.Y. 2000). Potter's ADA claim against Xerox failed because he could not show that he had a disability as that term is defined under the ADA. *See id.* at 112. Finally, the district court dismissed Potter's age discrimination claim against Xerox because

the evidence supporting it was negligible. *See id.* at 115.

 We agree. Potter has alternately stated—and the record supports—two contradicting propositions: 1) that he is totally disabled and thereby unable to perform any job; and 2) that he can perform any job provided his stress-related problems are resolved by placing him under a new supervisor.[1] Neither proposition brings Potter within the reach of the ADA's protections. To make out a *prima facie* case under the ADA, a plaintiff must show that he suffers from a disability as defined by the ADA, that he can perform the essential functions of the job with or without a reasonable accommodation, and that his disability was the reason for his termination. *See Reeves v. Johnson Controls World Servs.*, 140 F.3d 144, 149–50 (2d Cir.1998). If Potter is totally disabled, then he cannot perform the essential functions of his job or any job. In such a case, he may well have been wrongly denied long term disability benefits by Health International, but the ADA is not the proper vehicle for pursuing such a claim. As the district court pointed out, this claim "is more in the nature of a claim for benefits under the Employee Retirement Income Security Act ('ERISA'), 29 U.S.C. § 1132(a)(1)." *Potter*, 88 F.Supp.2d at 112. In the alternative, if Potter can work any job provided he is assigned to a new supervisor, he is not disabled within the terms of the ADA. To establish that one is disabled under the ADA, a plaintiff must show three things:

---

1. Potter's peculiar position arises from seeking, on the one hand, long term disability benefits from his employer and, on the other hand, reinstatement in some position in the wake of Health International's denial of long term benefits. Xerox's position mirrors the contradiction in Potter's position: on the one hand, its employee benefits plan administrator affirms Potter is able to work to justify

denying long-term disability benefits while, on the other hand, Xerox seeks to hold Potter to his own assertion that he cannot work in order to justify denying him the protections of the ADA. Unfortunately for Potter, even disregarding Xerox's urging that he should be viewed as totally disabled, we are left to conclude that Potter cannot make out a *prima facie* case under the ADA.

1) that he suffers from a physical or mental impairment; 2) that the physical or mental impairment affects a major life activity upon which plaintiff relies; and 3) that the impairment substantially limits the major life activity upon which plaintiff relies. *See Bartlett v. New York State Bd. of Law Exam'rs,* 226 F.3d 69, 79 (2d Cir. 2000). Since Potter has failed to suggest what major life activity has been substantially impaired by his depression, anxiety and panic attacks, we follow the district court in assuming that the major life activity alleged to be impaired is working. *See Potter,* 88 F.Supp.2d at 112. Because Potter's disability only prevents him from working in one position—the position he held under his last supervisor—Potter's ability to work is not substantially impaired. *See Heilweil v. Mount Sinai Hosp.,* 32 F.3d 718, 721 (2d Cir.1994) (noting that "a person found unsuitable for a particular position has not thereby demonstrated an impairment substantially limiting such person's major life activity of working"). Accordingly, Potter is not a disabled individual within the terms of the ADA.

Finally, the scant evidence Potter offers to support his ADEA claim is insufficient to support a *prima facie* case of age discrimination because the supervisor accused of having a discriminatory bias based on age did not participate in the decision to dismiss Potter.