■ DANIEL LEBARD, Appellant, v ALAIN DE KRASSNY et al., Respondents. [720 NYS2d 345] —Order, Supreme Court, New York County (Helen Freedman, J.), entered May 25, 2000, which granted defendants' motion to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, without costs.

No basis exists for jurisdiction over defendants pursuant to CPLR 302. The transaction from which plaintiff's claims arose occurred in Europe and there is no indication that defendants committed any tortious acts in New York or that their actions outside of New York caused an injury to plaintiff in New York.

Plaintiff's alternative jurisdictional argument, that defendants consented to the jurisdiction of New York courts in an agreement that plaintiff may enforce as a third-party beneficiary, is without merit. The contract upon which plaintiff relies contains no express provision identifying plaintiff as an intended third-party beneficiary nor does it otherwise reveal a specific intent to confer a benefit upon plaintiff (*see, Conklin v City of Saratoga*, 267 AD2d 841).

Finally, even if there were a jurisdictional predicate for this New York action, the action would nonetheless be subject to dismissal on forum non conveniens grounds, since there is no discernible nexus between this action and this State (*see, United States Aviation Underwriters v United States Fire Ins. Co.*, 134 AD2d 187, 190, *affd* 73 NY2d 723). Concur—Mazzarelli, J. P., Andrias, Lerner, Saxe and Buckley, JJ.