■ TDX CONSTRUCTION CORPORATION, Appellant, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Respondent. [759

NYS2d 878] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about June 7, 2002, which, in an action for breach of contract, granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

Defendant entered into an agreement (the construction agreement) with plaintiff pursuant to which plaintiff was to act as construction manager on a project to construct a new college campus. The parties also entered into an agreement (the general conditions agreement), under which plaintiff was to perform certain general conditions work in connection with the project. Both agreements required plaintiff to serve as defendant's chief representative in the field and to maintain liaison with the numerous prime contractors employed by defendant pursuant to separate prime contracts. Both agreements contained provisions that required defendant to include language in the separate prime contracts requiring the prime contractors to indemnify plaintiff and to include plaintiff as an additional insured on all liability policies in connection with third-party claims.

The motion court properly determined that plaintiff failed to state a cause of action against defendant for breach of contract, based upon the failure of several prime contractors to provide insurance or indemnification for plaintiff in accordance with the provisions of the prime contracts. Construing the construction and conditions agreements as we must, in accordance with their plain meaning (*see Greenfield v Philles Records, Inc.*, 98 NY2d 562, 569 [2002]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]), the conclusion is unavoidable that defendant undertook to do no more than include the above-described insurance and indemnification requirements in the separate prime contracts; it did not undertake to enforce those requirements on plaintiff's behalf. Nor may any such undertaking be implied under the rubric of good faith and fair dealing since it would not be consistent with the contractual relationship to which the parties expressly agreed (*see Dalton v Educational Testing Serv.*, 87 NY2d 384, 389 [1995]).

While it is without recourse against defendant for breaches by the prime contractors of the prime contract insurance and indemnification provisions running in its favor, plaintiff may, as an intended third-party beneficiary of those prime contract provisions, enforce those provisions or seek damages for their breach directly against the breaching parties (*see Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38, 44-45 [1985]; *LaSalle Natl. Bank v Ernst & Young*, 285 AD2d 101, 108 [2001]).

We have reviewed plaintiff's remaining arguments and find them unavailing. Concur—Rosenberger, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.