■ BROWNELL STEEL, INC., Respondent, v GREAT AMERICAN INSURANCE COMPANY, Appellant. (And a Third-Party Action.) [813 NYS2d 550]—

Rose, J. Appeal from that part of an order of the Supreme Court (O'Brien, III, J.), entered May 26, 2005 in Otsego County, which granted plaintiff's motion for summary judgment.

Andrew R. Mancini Associates, Inc. (hereinafter ARM), acting as general contractor, subcontracted with third-party defendant R&S Steel, LLC to perform all steel work on a construction project. R&S, in turn, subcontracted with plaintiff to perform the steel erection work. After completion of its work, plaintiff sought to secure payment by filing a mechanic's lien and commencing this action against defendant, the surety on ARM's payment bond. The bond provided for payment to any supplier or subcontractor who had a lien on the project. In response to the action, defendant asserted various claims and defenses that ARM had against plaintiff for unauthorized and deficient work. Defendant also brought a third-party action against R&S and

another. When plaintiff moved for summary judgment on its claim under the bond, defendant cross-moved for summary judgment on its claims against plaintiff and against R&S in the third-party action. Finding that a lack of privity deprived defendant of standing to assert ARM's claims against plaintiff and that questions of fact precluded summary judgment on ARM's claims against R&S, Supreme Court denied defendant's cross motion and granted plaintiff's motion. Defendant appeals.

We find merit in defendant's argument that the chain of subcontracts between ARM and R&S and between R&S and plaintiff provides sufficient privity to permit defendant, as surety, to assert ARM's claims and defenses against plaintiff. Plaintiff's subcontract with R&S identified ARM as the intended beneficiary for whom the steel erection was to be done, it incorporated the terms of the separate subcontract between R&S and ARM, and it provided that plaintiff was to assume all of the responsibilities of R&S under its separate subcontract with ARM. Thus, plaintiff's subcontract was clearly intended to be performed for ARM's benefit, with plaintiff standing in the shoes of R&S. Given plaintiff's role in fulfilling R&S's obligations to ARM, the relationship between ARM and plaintiff was so close as to be the functional equivalent of privity (*see City School Dist. of City of Newburgh v Stubbins & Assoc.*, 85 NY2d 535, 538-539 [1995]; *Johnson City Cent. School Dist. v Fidelity & Deposit Co. of Md.*, 263 AD2d 580, 582 [1999]; *Rotterdam Sq. v Sear-Brown Assoc.*, 246 AD2d 871, 872 [1998]; *R.H. Sanbar Projects v Gruzen Partnership*, 148 AD2d 316, 319 [1989]; *compare Barry, Bette & Led Duke v State of New York,* 240 AD2d 54, 56 [1998], *lv denied* 92 NY2d 804 [1998] [Conversely, a subcontractor is not normally a third-party beneficiary of the contract between the owner and the general contractor and, for this reason, a liquidating agreement is required to remedy the lack of privity which otherwise precludes a subcontractor from suing the owner]).

Accordingly, we conclude that Supreme Court erred in granting plaintiff's motion. Further, the questions of fact found to exist in defendant's action against R&S also preclude summary judgment to either party in plaintiff's action.

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion; motion denied; and, as so modified, affirmed.