█ ENDER KAYA et al., Appellants, v B & G HOLDING COMPANY, LLC, Respondent. [853 NYS2d 95]—

In an action to recover damages for breach of contract and to impose an equitable lien on a certain parcel of real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Sgroi, J.), dated May 4, 2007, as granted those branches of the defendant's motion which were to dismiss the second cause of action seeking to impose an equitable lien on the subject property and to vacate the notice of pendency on the subject property.

Ordered that the order is affirmed insofar as appealed from, with costs.

Pursuant to a contract dated August 3, 2006 the defendant agreed to sell the subject property to the plaintiffs for the sum

of $2,000,000, and the plaintiffs made a down payment in the sum of $200,000. On October 1, 2006 the plaintiffs took possession of the subject property, and pursuant to a pre-closing possession agreement (hereinafter the possession agreement) dated November 2, 2006 they agreed to pay monthly rent in the sum of $8,950. The possession agreement further provided that if title did not close by November 15, 2006, "Seller shall be responsible for reimbursing Purchaser for taxes paid by Purchaser from December 1, 2006 to date of closing" and "[s]hould Seller elect to cancel the contract of sale, upon Purchaser vacating the premises . . . Seller shall refund the downpayment to the buyer without further liability between the parties except for the taxes paid by the buyer for December 1, 2006/07 tax year."

The plaintiffs paid the real estate taxes on the subject property for the 2006/2007 tax year in the sum of $40,107.78. Thereafter, the defendant canceled the contract of sale, and the plaintiffs' down payment was returned to them.

Contrary to the plaintiffs' contention, the money at issue in their second cause of action, the real estate taxes for the 2006/2007 tax year, was not paid pursuant to the August 3, 2006, contract of sale for the subject property. That contract provided, inter alia, that "[a]ll money paid on account of this contract" were liens on the premises. However, the aforementioned taxes were paid pursuant to the possession agreement, which did not make any sums paid pursuant thereto an equitable lien upon the property. Instead, it merely provided for the repayment of the taxes in the event title failed to close because, as happened here, the contract was cancelled by the defendant. Thus the possession agreement did not show a "clear intent between the parties that such property be held, given or transferred as security for an obligation" (*Datlof v Turetsky*, 111 AD2d 364, 365 [1985]), and no equitable lien was ever created (*see Teichman v Community Hosp. of W. Suffolk*, 87 NY2d 514, 521 [1996]; *Liselli v Liselli*, 263 AD2d 468 [1999]; *Datlof v Turetsky*, 111 AD2d 364 [1985]). Since there was no lien, there was never a proper notice of pendency in effect, and therefore, no basis to impose any undertaking (*see* CPLR 6515; *5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 320 [1984]). Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were to dismiss the second cause of action seeking to impose an equitable lien on the subject property and to vacate the notice of pendency on the subject property. Spolzino, J.P., Skelos, Florio and Dickerson, JJ., concur.