■ State of New York, Respondent, v Shaw Contract Flooring Services, Inc., Defendant, and Rochester Linoleum and Carpet Center, Inc., Appellant. [853 NYS2d 694]—

Carpinello, J.

During the course of a renovation project at the State University of New York at Alfred, asbestos was released into a dormitory as the result of abrasion of tiles during flooring work. It is undisputed that this work was performed by a subcontractor of defendant Rochester Linoleum and Carpet Center, Inc. After remediation, plaintiff commenced this action alleging, as relevant on appeal, negligence and public nuisance against Rochester. Rochester's unsuccessful motion to dismiss these two causes of action for failure to state a cognizable claim has prompted this appeal.

With respect to the negligence cause of action, the amended complaint alleges that Rochester undertook the flooring work for the subject renovation project from another entity, that Rochester had been advised that the existing flooring contained asbestos and that, as a result, the work was inherently dangerous and that Rochester and its agents and/or representatives thereafter performed the work in such a manner that asbestos was released into the air (*see Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 670 [1992]). With respect to the public nuisance cause of action, the amended complaint alleges that Rochester's conduct disregarded the rights of all dormitory residents, as well as other persons visiting or otherwise occupying it. Upon affording the amended complaint liberal construction, deeming all allegations against Rochester to be true and according plaintiff "the benefit of every possible favorable inference" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *see e.g. Rovello v Orofino Realty Co.*, 40 NY2d 633, 634-635 [1976]), we are satisfied that plaintiff stated legally cognizable causes of action sounding in both negligence and public nuisance. We further note that, "[i]n assessing a motion under CPLR 3211 (a) (7), . . . a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (*Leon v Martinez*, 84 NY2d at 88). Here, plaintiff submitted the affidavit of a sales representative affiliated with Rochester who established that Rochester was indeed actively involved in the subject flooring project and had been advised that the existing flooring in the dormitory contained asbestos. Consideration of this affidavit supports the finding that plaintiff has stated causes of action against Rochester.

Mercure, J.P., Peters, Rose and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.