■ IMS ENGINEERS-ARCHITECTS, P.C., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 112628.) [858 NYS2d 486]—

Spain, J. Appeal from an order of the Court of Claims (Collins, J.), entered February 23, 2007, which granted defendant's motion to dismiss the claim.

Hayden-Wegman, Inc., consulting engineers, entered into three contracts (hereinafter the prime contracts) with defendant in the mid-1980s, in which Hayden-Wegman agreed to perform specific work on public road projects in western New York. The contracts required defendant to directly pay Hayden-Wegman as work progressed, and contemplated that Hayden-Wegman would subcontract out some of the work to others, including claimant. Hayden-Wegman reportedly entered into

subcontracts with claimant; claimant alleges that Hayden-Wegman terminated its relationship with claimant and defaulted on its payment obligations under the subcontract, and that claimant obtained a judgment against Hayden-Wegman which is uncollectible.

In 2004, claimant filed a verified notice of claim and claim against defendant asserting, among other things, that it was entitled to $779,470.41 in damages from defendant for work performed under the prime contracts between Hayden-Wegman and defendant. The Court of Claims granted defendant's motion to dismiss based upon claimant's failure to state a cause of action (*see* CPLR 3211 [a] [7]). Claimant appeals, and we affirm.

On defendant's motion to dismiss for failure to state a cause of action, claimant's claim is liberally construed and all facts asserted therein, as well as its submissions in opposition to defendant's motion, are accepted as true (*see* CPLR 3026; *511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002]; *see also Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *State of New York v Shaw Contract Flooring Servs., Inc.*, 49 AD3d 1078, 1079 [2008]). Where, as here, the motion is premised upon claimant's failure to state a claim (*see* CPLR 3211 [a] [7]),[1] the dispositive inquiry is whether it has a cause of action and not whether one has been stated, i.e., "whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *accord Nonnon v City of New York*, 9 NY3d at 827).

Initially, and contrary to claimant's assertion, the Court of Claims did not, in fact, convert defendant's motion to one for summary judgment (*see* CPLR 3211 [c]; *cf. Nonnon v City of New York*, 9 NY3d at 827) but, rather, treated and decided the motion under CPLR 3211 (a) (7). We agree that the court should not have made reference to an affidavit submitted by defendant in support of its motion, given that affidavits should be considered on such motions to dismiss for failure to state a cause of action only to remedy defects in the pleadings (*see Nonnon v City of New York*, 9 NY3d at 827; *Leon v Martinez*, 84 NY2d at 88). However, the error was harmless inasmuch as the affidavit was not necessary to the conclusion reached by the court that claimant was not, as a matter of law, a third-party beneficiary of the prime contracts.

The Court of Claims correctly held that the facts alleged by

1. While defendant asserted other grounds for dismissal under CPLR 3211 (a), the Court of Claims' dismissal was premised solely upon CPLR 3211 (a) (7), and defendant has not pursued on appeal any of the alternate grounds for dismissal.

claimant do not "fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d at 87-88), making dismissal under CPLR 3211 (a) (7) appropriate. Claimant has no viable breach of contract cause of action against defendant, given that the prime contracts were solely between Hayden-Wegman and defendant, and claimant was not a signatory on those contracts (*see Outrigger Constr. Co. v Bank Leumi Trust Co. of N.Y.*, 240 AD2d 382, 383 [1997], *lv denied* 91 NY2d 807 [1998]). Under settled principles, "a subcontractor may not assert a cause of action which is contractual in nature against parties with whom it is not in privity" (*Martirano Constr. Corp. v Briar Contr. Corp.*, 104 AD2d 1028, 1030 [1984]; *see Barry, Bette & Led Duke v State of New York*, 240 AD2d 54, 56 [1998], *lv denied* 92 NY2d 804 [1998]; *Outrigger Constr. Co. v Bank Leumi Trust Co. of N.Y.*, 240 AD2d at 383; *Bubonia Holding Corp. v Jeckel*, 189 AD2d 957, 958 [1993]). Thus, lacking privity or its " 'functional equivalent' " (*City School Dist. of City of Newburgh v Stubbins & Assoc.*, 85 NY2d 535, 539 [1995]; *cf. Brownell Steel, Inc. v Great Am. Ins. Co.*, 28 AD3d 842, 843 [2006]), claimant cannot maintain a breach of contract claim against defendant.

Further, claimant is not an intended third-party beneficiary of the prime contract, entitled to recover for breach thereof (*see Mendel v Henry Phipps Plaza W., Inc.*, 6 NY3d 783, 786-787 [2006]). While claimant sufficiently alleged the existence of valid prime contracts between Hayden-Wegman and defendant, it failed to point to anything supporting the conclusion that the contracts were intended for its benefit and that the benefit to claimant is immediate and not merely incidental so "as to evince an intent to permit enforcement by [claimant], and the best evidence of this is to be found in the language of the contract[s] [themselves]" (*Binghamton Masonic Temple v City of Binghamton*, 213 AD2d 742, 745-746 [1995], *lv denied* 85 NY2d 811 [1995] [citations omitted]; *see Mendel v Henry Phipps Plaza W., Inc.*, 6 NY3d at 787; *Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38, 44-45 [1985]). Contracts, of course, are construed according to their plain meaning (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *TDX Constr. Corp. v Dormitory Auth. of State of N.Y.*, 306 AD2d 115, 116 [2003]), and claimant fails to identify any provision in the contracts that contains language evincing an intent to benefit it beyond its status as an incidental beneficiary (*see Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d at 44; *Aymes v Gateway Demolition Inc.*, 30 AD3d 196, 196 [2006]). Moreover, the express terms of article 9 of each of the prime contracts—specifying that nothing therein "shall create or give to third parties any claim or right of action" against Hayden-Wegman or

defendant—effectively negate any implication of third-party rights to claimant (*see Mendel v Henry Phipps Plaza W., Inc.*, 6 NY3d at 786-787; *Matter of Baltia Air Lines v CIBC Oppenheimer Corp.*, 273 AD2d 55, 56 [2000], *lv denied* 95 NY2d 767 [2000]; *Edward B. Fitzpatrick, Jr. Constr. Corp. v County of Suffolk*, 138 AD2d 446, 449-450 [1988], *lv denied and dismissed* 73 NY2d 807 [1988]; *cf. Facilities Dev. Corp. v Miletta*, 180 AD2d 97, 101 [1992]). "Where a provision in the contract expressly negates enforcement by third parties, that provision is controlling" (*Edward B. Fitzpatrick, Jr. Constr. Corp. v County of Suffolk*, 138 AD2d at 449-450 [citation omitted]). Thus, claimant lacks standing to bring this action.

Likewise, claimant's argument fails, as a matter of law, that it can recover against defendant under the rubric of an implied or quasi contract for work performed under the prime contracts, given that "[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]; *see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 23 [2005]; *Adelaide Prods., Inc. v BKN Intl. AG*, 38 AD3d 221, 225-226 [2007]). While claimant asserts that it is entitled to recover in quasi contract for work performed outside of and in addition to the prime contracts, even crediting all of claimant's assertions, it has not identified any work out of the subject matter encompassed by the prime contracts (*see Conklin v City of Saratoga Springs*, 267 AD2d 841, 842 [1999]).[2]

Finally, claimant does not have a maintainable cause of action on the theory that the 5% retainage funds held by defendant, as statutorily required (*see* State Finance Law § 139 [1]; § 139-f), gave rise to an equitable lien in claimant's favor. The contracts contain no express or implied agreement that these funds are to fulfill any obligation to claimant, and indeed such a lien would be inconsistent with the express terms of the prime contracts that the funds (like all payments due under the contracts) are payable to Hayden-Wegman, as part of a final payment after certification of the audit of Hayden-Wegman's records (*see Kaya v B & G Holding Co., LLC*, 48 AD3d 521, 522 [2008]; *Thorne Real Estate v Nezelek*, 100 AD2d 651, 652 [1984]). Since claimant's claim and submissions in opposition to defendant's *motion* did "not set forth any facts or circumstances upon which

---

2. Moreover, this 2004 claim for pre-1988 services would be untimely (*see Matter of Witbeck*, 245 AD2d 848, 849-850 [1997] [six-year statute of limitations applies to causes of action in quasi contract]).

an equitable lien recovery could be ordered" (*Datlof v Turetsky*, 111 AD2d 364, 365 [1985]), no equitable lien was created (*see Teichman v Community Hosp. of W. Suffolk*, 87 NY2d 514, 520-521 [1996]).

We have reviewed claimant's remaining arguments and find none undermines the correctness of the Court of Claims' dismissal for failure to state a cause of action.

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.