■ EDWARD A. HORGAN, JR., Appellant-Respondent, v KATHY S. WHITAKER, Respondent-Appellant, and PATRICIA E. BARNES et al., Respondents. [871 NYS2d 443]—

Rose, J.

In his complaint, plaintiff alleges that he was assaulted at work by his immediate supervisor, that this assault caused him to suffer, among other things, severe atrial fibrillation which required hospitalization and that he has a disabling heart condition that could be life threatening if he were to suffer a similar assault in the future. In his third cause of action based upon these allegations, plaintiff asserts that his employer and its manager of human resources violated Executive Law § 296 (3) when they refused to accommodate his medical disability by denying his request for transfer to a position under a different supervisor even though such a position was available. Plaintiff also alleges that defendants refused this accommodation in retaliation for his report of the assault by his supervisor. Prior to answering, defendants moved for dismissal of the entire complaint claiming, with respect to the third cause of action, that plaintiff's allegations fail to state a cause of action for employment discrimination. Supreme Court partially granted defendants' motion by dismissing the third cause of action, characterizing plaintiff as unable to work under the stress imposed by his supervisor and concluding that such a condition does not rise to the level of a disability for which defendants would be required to make an accommodation. Plaintiff appeals.*

We find merit in plaintiff's argument that Supreme Court erred in construing his claim as alleging "stress or inability to work under a particular supervisor" and in concluding that, as a result, his condition does not constitute a disability. Given the early stage at which defendants challenged plaintiff's claim, Supreme Court was required to liberally construe his complaint, accept his allegations as true and afford him the benefit of every possible favorable inference (see *511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]; *State of New York v Shaw Contract Flooring Servs., Inc.*, 49 AD3d 1078, 1079 [2008]). To state a cognizable claim of employment discrimination due to a disability under the Executive Law, plaintiff had only to allege that he suffered from a disability and that his employer failed to meet its statutory duty to "provide reason-

---

* Defendant Kathy S. Whitaker has abandoned her cross appeal from the order denying her motion to dismiss the first cause of action.

able accommodations to the known disabilities of an employee . . . in connection with a job or occupation sought or held" (Executive Law § 296 [3] [a]). As relevant here, the term "disability" is defined as "a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which . . . is demonstrable by medically accepted clinical or laboratory diagnostic techniques" (Executive Law § 292 [21] [a]).

Contrary to Supreme Court's view, plaintiff does not allege that he suffers stress. Rather, the complaint states that plaintiff has a medical condition diagnosed by a cardiologist that would subject him to heart fibrillation, a potentially life threatening condition, if his supervisor were to assault him again. In our view, plaintiff has at least stated a claim of a medically diagnosed, physical impairment under Executive Law § 292 (21) (a) (*see State Div. of Human Rights v Xerox Corp.*, 65 NY2d 213, 218-219 [1985]; *see also Reeves v Johnson Controls World Servs., Inc.*, 140 F3d 144, 155-156 [2d Cir 1998]), as distinguished from the more subjective conditions which typically are considered mere workplace stress or incompatibility (*see Pimentel v Citibank, N.A.*, 29 AD3d 141, 148 [2006]).

Defendants also prematurely contend that even if plaintiff were found to have a disability under the Executive Law, he sought an accommodation that they could not be required to make. To support this claim, defendants cite cases holding that a change of supervisors is not a reasonable accommodation under the Americans with Disabilities Act (hereinafter the ADA) (*see e.g. Weiler v Household Fin. Corp.*, 101 F3d 519 [7th Cir 1996]; *Potter v Xerox Corp.*, 88 F Supp 2d 109 [WD NY 2000], *affd* 1 Fed Appx 34 [2d Cir 2001]). Even under the ADA, however, the question of whether a requested accommodation is reasonable must be evaluated on a case-by-case basis (*see Wernick v Federal Reserve Bank of New York*, 91 F3d 379, 385 [2d Cir 1996]), and the presumption that a change of supervisors is not a reasonable accommodation may be rebutted (*see Kennedy v Dresser Rand Co.*, 193 F3d 120, 122-123 [2d Cir 1999], *cert denied* 528 US 1190 [2000]). Given this, we are satisfied that the complaint sufficiently states a cause of action to survive dismissal under CPLR 3211.

We agree, however, with Supreme Court's conclusion that the complaint fails to state a retaliation cause of action. The relevant provision of Executive Law § 296 (7) prohibits "any person engaged in any activity to which this section applies to retaliate . . . against any person because he or she has opposed any practices forbidden under this article." On appeal, plaintiff argues

that the supervisor's assault was a forbidden discriminatory practice and, thus, his report of the assault was a protected activity. The complaint, however, includes no allegation that plaintiff was assaulted because of any qualifying impairment or disability, or that the assault otherwise was a practice forbidden under Executive Law article 15. Absent that allegation or an offer of evidence that might support it, plaintiff's report would not constitute a protected activity.

The parties' remaining arguments have been considered and found to be lacking in merit.

Carpinello, J.P., Kane and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion dismissing the third cause of action alleging that defendants failed to accommodate his disability; motion denied to that extent; and, as so modified, affirmed.