13-534(L)
*Aktas v. JMC Development Co.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation ''summary order'').  A party citing a summary order must serve a copy of it on any party not represented by counsel.

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand fourteen.

PRESENT:
            GUIDO CALABRESI,
            JOSÉ A. CABRANES,
            DEBRA ANN LIVINGSTON,
                        *Circuit Judges.*

─────────────────────────────────────

NECDET AKTAS, LISA AKTAS,

            *Plaintiffs -Counter Defendant-Appellants,*

                    v.                                          Nos. 13-534(L), 13-1722(Con)

JMC DEVELOPMENT CO., INC., STEPHEN M. JUNG, DBA
JUNG ARCHITECTURE,

            *Defendants-Counter Claimaints-Appellees,*

MICHAEL TERRY, *et al.,*

            *Third-Party Defendants-Cross Defendants-Cross Claimaints,*

JOSEPH M. CANTANUCCI, JR., *et al.,*

            *Defendants-Cross Defendants-Counter Claimaints-Counter Defendants.*[*]

───────────────

[*] The Clerk of Court is directed to amend the caption in this case to conform to the listing of the parties above.

**FOR NECDET AKTAS, et al.:**        CARLO A. C. DE OLIVEIRA (Phillip G. Steck, *on the brief*), Cooper Erving & Savage LLP, Albany, NY.

**FOR JMC DEVELOPMENT CO., INC.:**    JASON A. FRAMENT, LaFave, Wein & Frament PLLC, Guilderland, NY.

**FOR STEPHEN M. JUNG:**        Stephen M. Jung, *pro se*, Schroon Lake, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment is **AFFIRMED**.

Plaintiffs-appellants Necdet and Lisa Aktas appeal from the District Court's judgment and order, entered January 18, 2013, denying their post-trial motions following a jury trial. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

The first issue on appeal is whether the District Court properly denied plaintiffs' Rule 50(b) motion for judgment as a matter of law against defendant JMC Development, Co., Inc. ("JMC"). "A post-trial Rule 50(b) motion for judgment as a matter of law is properly made only if a Rule 50(a) motion for judgment as a matter of law has been made *before submission of the case to the jury.*" *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 117 (2d Cir. 2004) (emphasis supplied). We have further held with regard to Rule 50(b) that, "[t]hough a procedural requirement, it may not be waived by the parties or excused by the district court." *Id.* Because plaintiffs did not adequately make a Rule 50(a)(2) motion before the case was submitted to the jury, the Court did not err in denying Rule 50 relief.

Plaintiffs argue next that the Court erred in sanctioning them for spoliation of evidence in the form of the "adverse inference" charge. We review a district court's decision on a motion for discovery sanctions for abuse of discretion. *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002). After careful review, we conclude that this sanction was not erroneous in light of ample evidence that plaintiffs destroyed or altered JMC's construction work, while excluding

2

JMC from the property. As a result of this destruction, which may be understood as a failure to mitigate damages, we also reject plaintiffs' contention that the comparative negligence charge was improper. *See Resolution Trust Corp. v. Mass. Mut. Life Ins. Co.*, 93 F. Supp. 2d 300, 310 (W.D.N.Y. 2000) ("The duty to mitigate damages, of course, is implicit within the comparative negligence framework.").

Plaintiffs also object to the description of "material breach" in the jury instructions as "a failure to do something that is fundamental to the contract." J. App. 72. Where a party objected to a proposed instruction, we will vacate the jury's verdict if the error was prejudicial in light of the charge as a whole. *Jacques v. DiMarzio, Inc.,* 386 F.3d 192, 200 (2d Cir. 2004). Where a party failed to object to a jury instruction, we will only vacate a verdict if the error was fundamental, *Jarvis v. Ford Motor Co.,* 283 F.3d 33, 62 (2d Cir. 2002), that is, if the error was "so serious and flagrant that it goes to the very integrity of the trial," *SCS Commc'ns, Inc. v. Herrick Co.,* 360 F.3d 329, 343 (2d Cir. 2004). It appears that plaintiffs' counsel waived this argument when, after initially objecting to the charge, he stated, "I think the later language is correct, that [the breach] must . . . touch on the fundamental purpose of the contract. That's . . . my position, your Honor." J. App. 332. In any event, we conclude that, read as a whole, the charge was not so prejudicial that "[t]he jury might well have reached a different result had [an] appropriate instruction[ ] been given." *Holzapfel v. Town of Newburgh,* 145 F.3d 516, 525 (2d Cir. 1998).

Plaintiffs' final challenge on appeal is that the $3,500 damages award against defendant Stephen Jung for breach of contract must be set aside because it cannot be a reasonable estimate of the agreed-upon measure of damages, namely, the cost of repair. Yet when considered in conjunction with the $50,000 damages award for plaintiffs' negligence claim against Jung, which employed a similar measure of damages, the total amount of damages awarded to plaintiffs was consistent with the parties' chosen instructions.

**CONCLUSION**

We have considered all of plaintiffs' arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the January 18, 2013 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3