# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

359
CA 14-01454
PRESENT: SCUDDER, P.J., SMITH, CARNI, AND SCONIERS, JJ.

RONALD BEASOCK, PLAINTIFF,

V                                    MEMORANDUM AND ORDER

CANISIUS COLLEGE, DEFENDANT.
------------------------------------
CANISIUS COLLEGE, THIRD-PARTY
PLAINTIFF-RESPONDENT,

V

ACTIVE WORKFORCE, INC., THIRD-PARTY
DEFENDANT-APPELLANT.

TREVETT CRISTO SALZER & ANDOLINA, P.C., ROCHESTER (DANIEL P. DEBOLT OF COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA, LLC, BUFFALO (ERIC S. BERNHARDT OF COUNSEL), FOR THIRD-PARTY PLAINTIFF-RESPONDENT.

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered November 8, 2013. The order granted the motion of third-party plaintiff for partial summary judgment against third-party defendant and denied the cross motion of third-party defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this common-law negligence and Labor Law action against defendant-third-party plaintiff, Canisius College (Canisius). Canisius in turn commenced a third-party action against third-party defendant Active Workforce, Inc. (Active), asserting, inter alia, a cause of action for contractual indemnification based on a contract between Active and Lehigh Construction Group. Canisius moved for partial summary judgment on that cause of action, and Active cross-moved for summary judgment dismissing the third-party complaint. Contrary to Active's contention, we conclude that Supreme Court properly granted the motion and denied the cross motion.

Active's contention that Canisius is not an intended third-party beneficiary of the contract between Active and Lehigh Construction Group is without merit. In support of its motion, Canisius established " '(1) the existence of a valid and binding contract

between other parties, (2) that the contract was intended for [Canisius's] benefit and (3) that the benefit to [Canisius] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [Canisius] if the benefit is lost' " (*Mendel v Henry Phipps Plaza W., Inc.*, 6 NY3d 783, 786, quoting *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 336; *see State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling*, 95 NY2d 427, 434-435), and Active failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Active contends that there is an issue of fact whether the second prong of the *Burns Jackson* test was met here, because the contract at issue merely refers to "the Owner" rather than referring to Canisius by name. That contention is without merit. "The performance by [Active] 'was manifestly to be to the direct benefit of the owner of the development. It is almost inconceivable that [Active, which] render[s its] services in connection with a major construction project[,] would not contemplate that the performance of [its] contractual obligations would ultimately benefit the owner of that development' " (*R.H. Sanbar Projects v Gruzen Partnership*, 148 AD2d 316, 319; *see generally Logan-Baldwin v L.S.M. Gen. Contrs., Inc.*, 94 AD3d 1466, 1468; *Brownell Steel, Inc. v Great Am. Ins. Co.*, 28 AD3d 842, 843).

Active's contention that it owes no contractual duty to Canisius because Active and Canisius signed contracts with different entities is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985). Active's contention that the indemnification agreement at issue violates General Obligations Law § 5-322.1 is also raised for the first time on appeal and thus is also not properly before us (*see Ciesinski*, 202 AD2d at 985). We have considered Active's remaining contentions and conclude that they are without merit.

                                        Frances E. Cafarell

Entered:  March 20, 2015

                                        Clerk of the Court