Tutor Perini Bldg. Corp. v Port Auth. of N.Y. & N.J. (2021 NY Slip Op 01136)





Tutor Perini Bldg. Corp. v Port Auth. of N.Y. & N.J.


2021 NY Slip Op 01136


Decided on February 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Moulton, González, Scarpulla, JJ. 


Index No. 156211/18 Appeal No. 12803 Case No. 2019-5516 

[*1]Tutor Perini Building Corp., Plaintiff-Respondent,
v
The Port Authority of New York and New Jersey, Defendant-Appellant, STV Incorporated, Defendant.


Skadden, Arps, Slate, Meagher & Flom LLP, New York (Patrick G. Rideout of counsel), for appellant.
Sheppard, Mullin, Richter & Hampton LLP, New York (Emily D. Anderson of counsel), and Nida & Romyn, P.C., Los Angeles, CA (David Romyn, of the bar of the State of California, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered July 9, 2019, which, to the extent appealed from as limited by the briefs, denied the motion of defendant The Port Authority of New York and New Jersey to dismiss the complaint as against it, unanimously modified, on the law, to grant defendant"s motion to dismiss plaintiff"s third cause of action for breach of contract, and otherwise affirmed, without costs.
Defendant The Port Authority of New York and New Jersey (Port Authority), the owner of the George Washington Bridge Bus Station in Manhattan, entered into a lease with nonparty George Washington Bridge Bus Station Development Venture LLC (the developer) in July 2011, in which the developer was responsible for construction and renovation work at the bus station. In 2013, the developer and plaintiff Tutor Perini Building Corp. (Tutor Perini) entered into a construction contract in which Tutor Perini was to perform a portion of the construction work. Thereafter, Tutor Perini commenced this action against Port Authority and STV Incorporated, alleging causes of action for breach of contract and unjust enrichment against Port Authority.
Supreme Court properly denied Port Authority"s CPLR 3211 (a) (7) motion to the extent that it sought dismissal of Tutor Perini"s unjust enrichment claim. However, Supreme Court erred in failing to dismiss Tutor Perini"s contract claim based on the theory that the relationship between Port Authority and Tutor Perini constituted the functional equivalent of privity.
Tutor Perini acknowledges the general rule that privity between a plaintiff and a defendant is required to support a breach of contract claim (see Seaver v Ransom, 224 NY 233, 237 [1918]). However, Tutor Perini contends that its complaint, the affidavits, and the documentary evidence demonstrate the existence of the functional equivalent of privity between it and Port Authority given Port Authority"s extensive interactions with it and "almost total control" over the project.
Courts have recognized the doctrine to enable third-party beneficiaries to assert breach of contract claims against parties to a contract. Thus, to support its contention that the functional equivalent of privity applies here, Tutor Perini cites cases that recognize the doctrine in this context (see Seaver, 224 NY at 233; Brownell Steel, Inc. v Great Am. Ins. Co., 28 AD3d 842 [3d Dept 2006]; Aktas v JMC Dev. Co., Inc., 877 F Supp 2d 1 [ND NY 2012], affd 563 Fed Appx 79 [2d Cir 2014]). Tutor Perini also cites cases applying the doctrine to third-party beneficiaries to foreclose their claims as time-barred under the completion of construction accrual rule (see Town of Oyster Bay v Lizza Indus., Inc., 22 NY3d 1024 [2013]; City School Dist. of City of Newburgh v Stubbins & Assoc., 85 NY2d 535 [1995]).
We reject Tutor Perini"s position that the doctrine applies in this action. Tutor Perini"s assertions that Port Authority dealt directly with it and exercised control [*2]over the project are insufficient to allege the functional equivalent of privity (see Data Elec. Co. v Nab Constr. Corp., 52 AD2d 779, 780 [1st Dept 1976] [no privity existed between the owner and the subcontractor despite the subcontractor"s allegations that the owner dealt directly with it as its agent and supervised and directed its work]; see also Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp., 64 AD3d 85, 105 [2d Dept 2009], lv dismissed 13 NY3d 900 [2009]; Brownell Steel, 28 AD3d at 843).[FN1]
The adoption of Tutor Perini"s exception would run the risk of erasing the rule of privity in any case where a nonparty to a contract directs the work of a signatory or otherwise exercises control over the relevant project. The proposed exception would greatly expand the circumstances where nonparties to contracts would be at risk of being bound to the agreements of others. The uncertainty that would ensue is anathema to commercial relationships.
Tutor Perini"s joint venture argument is also without merit. It never raised this argument in Supreme Court and, were we to consider it, Tutor Perini has not alleged the requisite acts manifesting the intent of Port Authority and the developer to be associated as joint venturers (see Slabakis v Schik, 164 AD3d 454, 455 [1st Dept 2018], lv denied 32 NY3d 912 [2018]). Additionally, Port Authority took pains to disclaim the creation of any such relationship with the developer in Section 25.10 of the lease which expressly provides that "[n]either a partnership nor any joint venture is hereby created."
Supreme Court properly denied Port Authority"s motion to dismiss Tutor Perini"s fourth cause of action for unjust enrichment. The complaint adequately alleges the elements of unjust enrichment by pleading, in the alternative, that Port Authority was enriched at Tutor Perini"s expense and that it is against equity and good conscience to permit Port Authority to retain what is sought to be recovered (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]).
We have considered Port Authority"s remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2021



Footnotes

Footnote 1:In addition to third-party beneficiary cases, Tutor Perini points to inapposite cases holding that the functional equivalent of privity can exist between owners and subcontractors that engage in "direct dealings" among other criteria (see RLI Ins. Co. v King Sha Group, 598 F Supp 2d 438, 444 [SD NY 2009]; Keywell L.L.C. v Pavilion Bldg. Installation Sys., Ltd., 861 F Supp 2d 120, 129 [WD NY 2012]). However, the functional equivalent of privity "appears to apply only in one direction: a property owner may sue a subcontractor, but a subcontractor is generally not found to be in privity or a third party beneficiary to a property owner" (Stapleton v Pavillion Bldg. Installation Sys., Ltd., 2017 WL 431801, *3, 2017 US Dist LEXIS 14097, *8, affd Stapleton v Barrett Crane Design & Eng'g, 725 F App'x 28, 31 [2d Cir 2018]).